TRADESMEN'S BUILDING &c. ASSOCIATION

*v.*

CHARLES THOMPSON and others.

1. Where a payment is made by a stranger to a debtor, in the expectation of being substituted in the place of the creditor, he is entitled to subrogation.

2. The complainant advanced money to a debtor to discharge two mortgages on the debtor's lands, the first one for $1,500 and the second for $500, and to receive in their place a first mortgage for $2,200. The $1,500 mortgage was so paid and discharged, but the second one, although paid and cancelled of record, was at the time in the hands of an innocent assignee, and, being cancelled without his knowledge, was re-instated.—*Held*, that the complainant was entitled by subrogation to the rights of the $1,500 mortgage.

Bill to foreclose.

*Mr. M. V. Bergen* and *Mr. P. L. Voorhees*, for complainants.

*Mr. J. M. Scovel*, for defendants Isaac Jeanes & Co. and Joseph Franklin.

THE CHANCELLOR.

After the decision in this cause was announced (*Tradesmen's Building &c. Association* v. *Thompson, 4 Stew. 536*), leave was given to the complainants to amend their bill so as to

claim subrogation to the rights of the holders of the Wallace mortgage at the time when it was cancelled. The bill was amended accordingly, and testimony has been taken in reference to the subject of the amendment.

The complainants took their mortgage, which is for $2,200 and interest, upon Thompson's property, with the understanding that it was to be, and in fact was, the first encumbrance. There were, at the time of the negotiation for the loan which their mortgage was given to secure, two mortgages on the property, the first for $1,500 and interest, called the Wallace mortgage, the other for $500 and interest, called the Franklin mortgage. This latter mortgage had, before that time, been assigned by Franklin to Isaac Jeanes & Co. of Philadelphia, who then were entitled to it under the assignment. The complainants, however, appear not to have known of the assignment, or that Franklin was not the owner of the mortgage. When they agreed to advance the $2,200, they did so on the understanding with the mortgagor that, in order that their mortgage should be the first encumbrance, the Wallace mortgage should be paid off out of the money lent, and it was paid accordingly, and was cancelled. The Franklin mortgage was also cancelled in pursuance of an agreement which their agent and their attorney swear was made by Franklin, that it should be cancelled, and a new one for the same amount taken instead, to be subsequent to the complainants' mortgage. Franklin denies that he ever made such an agreement, and the cancellation has been held to have been unauthorized.

Under the circumstances, the complainants are entitled to the subrogation which they ask. They are in no sense volunteers. They paid off the Wallace mortgage in the confidence that they would have the same security for that money which the holder of that mortgage had—the first encumbrance on the property. The complainants agreed with the debtor that, upon paying the debt for him, they should be substituted in the creditor's place. The right of subrogation could thus be acquired under the civil law. *Domat § 1781.*

A person who has lent money to a debtor, may be subrogated by the debtor to the creditor's rights, and if the party who has agreed to advance the money for the purpose, employs it himself in paying the debt and discharging the encumbrance on land given for its security, he is not to be regarded as a volunteer. *Dixon on Subrogation 165; Paine v. Hathaway, 3 Vt. 212.*

The real question in all such cases is, whether the payment made by the stranger was a loan to the debtor through a mere desire to aid him, or whether it was made with the expectation of being substituted in the place of the creditor. If the former is the case, he is not entitled to subrogation; if the latter, he is. *Coe v. N. J. Midland R. R. Co., 4 Stew. 105, 136.*

No injustice is done to the holders of the Franklin mortgage by the subrogation; their position is precisely the same as it would have been had not the Wallace mortgage been cancelled.

There will be a decree in accordance with these views.