Coudert *v.* Coudert.

---

NORA E. COUDERT

*v.*

LOUIS L. COUDERT et al.

1. A testator had no child living at the time he made his will.   Afterwards six children were born, and five of them were still living when he died, without altering his will which gave all his estate absolutely to his widow.   *Held,* under the statute (*Rev. p. 1246 ¿ 20*), that the will was void; and that, consequently, he died intestate.

Coudert v. Coudert.

2. The widow, supposing that she was the sole devisee, paid off, with her own money, and canceled on the record, a mortgage on part of the lands devised to her, which mortgage was an encumbrance on the lands at the time of the testator's purchase, and its payment expressly assumed by him as part of the purchase-money. *Held*, that the widow was entitled to have the lien of the mortgage re-instated to secure the money so paid by her, and the lands sold to satisfy it.

*Messrs. Babbitt & Lawrence*, for complainant.

BIRD, V. C.

The complainant is the widow of Louis L. Coudert, who died in 1882, leaving a will, in which he gave, after the payment of his debts, "all the rest, residue and remainder of his estate, real and personal," to the complainant, "for herself and her heirs, absolutely and forever." It was dated and executed March 26th, 1864. They had issue, seven children, five of whom are still living, and were born after the making of said will, and without any provisions for them therein. Although one child was born prior to the date of the will, it died before such date, so that the testator had no child living at the time he made the will. It would, therefore, appear that the testator died intestate. *Rev. p. 1246 § 20.*

At the time of his death, the husband owned real estate which, when he took the title, was encumbered by a mortgage for $8,000, which mortgage he expressly assumed the payment of as part of the purchase-money. The complainant, believing herself to be the owner of the land, as devisee under said will, on April 1st, 1884, paid said mortgage out of her own moneys, there being due thereon $8,880.44. She alleges that since then she has learned that her husband died intestate, and that said lands descend to his heirs-at-law. Nothing else is shown.

The complainant asks the court to declare that the money so paid by her in discharge of said mortgage shall be a lien upon said lands, and that the lands shall be sold to pay and satisfy her for the sum so paid. Can this be done as the case is made? It must be remembered that three or four of the defendants are infants, and that it is the first duty of the court to deal in strict justice as to them, protecting their rights on every hand.

It will be seen that the debt or obligation became a personal one. Mr. Coudert, by his assumption and promise to pay, made it so. Although the mortgage remained a lien on the land, and the maker of the bond was not discharged, still, under the law, Mr. Coudert was primarily liable. The debt was thus made a simple contract debt. *Klapworth* v. *Dressler*, *2 Beas. 62*, and cases cited. To the same effect is *Hoy* v. *Bramhall, 4 C. E. Gr. 563; Stillman* v. *Stillman, 6 C. E. Gr. 126*. It will not be denied that Mr. Coudert could have been compelled to pay the amount due out of his personal estate. So, too, an action would lie on his promise against his administrator.

Therefore, the debt became personal. Mr. Coudert became personally liable. And the rule is almost universal that the personal estate of the decedent is first liable to discharge his debts. This is admitted in every case and in every book, where the question has been discussed. Yet it has been held that, when the debt is not created originally by the decedent, but by another, and a mortgage on land is given as security, and the decedent assumes and promises to pay it, then the personal estate is not first liable. This doctrine was announced by Chancellor Kent in *Cumberland* v. *Codrington, 3 Johns. Ch. 229,* following the English authorities to which he refers. And the same doctrine has been declared in this state in *McLenahan* v. *McLenahan, 3 C. E. Gr. 101*. Although neither the case decided by Chancellor Kent, nor the one decided by Chancellor Zabriskie, shows that the purchaser assumed and expressly promised to pay the debt, yet both cases seem to be put upon the broad ground that the land remains liable primarily, notwithstanding such assumption or any other promise or obligation short of a direct one to the mortgagee, which shows to a demonstration that it was the intention of the purchaser to charge his personal estate. In *2 White & Tudor's Lead. Cas. in Eq. 341–345*, is a reference to the doctrine, and to some authorities which seem to go not quite so far; but it is my duty to take the law as I find it declared and settled.

And Mrs. Coudert having paid the mortgage debt, under the impression that she owned the entire estate, and out of her own

private funds, and in ignorance of the law, I think she ought not to be prejudiced thereby ; but that she should have a lien on the land for the money so paid by her, and that the land should be sold to pay and satisfy such lien.

I will so advise.