## THE HACKENSACK SAVINGS BANK

*v.*

## THE R. P. TERHUNE MANUFACTURING COMPANY et al.

Complainant had obtained a decree of this court declaring a judgment which it held against one T. a lien upon certain lands, the record title to which was in T.'s grantee. The owner of the lands appealed from such decree, and, pending such appeal, the plaintiffs in two other judgments, which were prior liens on the same lands, caused the same to be advertised for sale by the sheriff under their judgments. The complainant, in order to prevent such sale pending the appeal, paid the judgments to the sheriff. Complainant's decree was afterwards affirmed.—*Held*, that complainant was entitled to be subrogated to the rights of the judgment creditors whose judgments it had paid, and to have the judgments declared to be liens on the lands in question.

---

The bill is filed by an encumbrancer by judgment, asking to be subrogated to the rights of a prior encumbrancer by mort-gage and judgment, whose claim it has paid. The question is, whether, at the time of payment, complainant occupied such a relation to the encumbered property as to entitle it in equity to be so subrogated.

The encumbered property is real estate, and prior to 1880 was owned by R. P. Terhune. About January 1st, 1880, Terhune conveyed to The R. P. Terhune Manufacturing Company, the

defendant herein.  At the time of this conveyance Terhune owed complainant a debt upon which it afterwards, in November, 1880, recovered the judgment upon which it now relies.  In March, 1888, it filed its bill in this court against Terhune and The R. P. Terhune Manufacturing Company and others, praying that the conveyance from Terhune to the company might be decreed to be fraudulent and void as against its judgment.

In the meantime, however, namely, on or about April 1st, 1886, the manufacturing company borrowed of the defendant, Mrs. Gaskell, $3,000, and secured its payment by the joint bond of itself and R. P. Terhune, further secured by warrant of attorney to confess judgment, and by mortgage on the land in question, which was recorded in April, 1886.  Judgment was entered upon this bond and warrant against both defendants in December, 1887.  In January, 1888, the manufacturing company borrowed $2,000 of the defendant, Edward Linn, and secured it by the joint bond of itself and R. P. Terhune, with warrant of attorney to confess judgment, upon which judgment was promptly entered, and executions upon both judgments were issued and levied upon certain personal property and also upon the real estate in question, but no advertisement or sale was made until several months afterwards.  These mortgage and judgment creditors were made defendants to the bill so filed by complainant herein in March, 1888.  On September 12th, 1888, decree was made in that suit declaring the conveyance from R. P. Terhune to The R. P. Terhune Manufacturing Company void as against complainant's judgment; and that the mortgage and judgment of Mrs. Gaskell and the judgment of Edward Linn were good as against complainant's judgment and prior liens upon the real estate, they having the first execution thereon; and further decreeing that they should at once proceed to sell the personal property levied upon by their several executions or lose their priority upon the real estate over complainant's judgment.  The opinion is reported *supra p. 565.*

From that decree the defendants in that case, other than Mrs. Gaskell and Edward Linn, on September 18th, 1888, took an appeal and duly prosecuted the same, and on the 10th day of

May, 1889, the decree of September 12th, 1888, in favor of complainant, was in all things affirmed. *18 Stew. Eq. 344.* In the meantime, the defendants, Mrs. Gaskell and Edward Linn, had obeyed the decree of this court so far as they were concerned, and sold the personal property levied on by them, which produced enough to reduce the amount due on their executions to about $1,700, and to collect this balance, they advertised the real estate for sale on November 7th, 1888, under both executions. The threatened sale was adjourned, at the request of the complainant herein, from time to time, until February 8th, 1889, when the amount remaining due was paid by complainant herein to the sheriff, such payment being accompanied by notice to the sheriff and to the attorney of Mrs. Gaskell and Edward Linn that complainant claimed the right of subrogation, and that it was not intended to satisfy the judgment and mortgage. Previous to this payment, complainant had requested still further adjournments of the sale, which had been refused, and had offered to pay the amount due to the attorney of the execution creditors, and had requested an assignment of their judgment; but the attorney had declined to advise or permit his clients to assign or in any way to aid the complainant in being subrogated to his clients' rights.

*Mr. C. H. Voorhis,* for the complainant.

*Mr. John Linn,* for the judgment creditors.

*Mr. A. D. Campbell,* for the defendant, The R. P. Terhune Manufacturing Company.

PITNEY, V. C.

The complainant had obtained a decree of this court declaring its judgment to be a lien on the premises described in the bill subsequent, however, to that of the defendants, Mrs. Gaskell and Edward Linn. From that decree the owner of the equity had appealed, and, pending the appeal, the prior encumbrancers advertised the property for sale, and brought it to sale before the decision on the appeal was made or was ripe. Of course, the

Hackensack Savings Bank *v.* Terhune Manufacturing Co.

·complainant could not predict with certainty what that decision would be, nor when it would be made, and therefore could not know whether it would derive any benefit from any surplus that the property might bring over the Gaskell and Linn judgments. If such surplus was not to be applied to complainant's judgment, it naturally would pay no attention to the sale, and would not feel justified in bidding above the prior encumbrances upon the mere chance that the surplus might, by a judicial decision thereafter to be made, be applied to this judgment. On the other hand, were its lien finally established, it might and almost certainly would find it to its interest to bid up the property to its full value, since it would be obliged to pay in cash only the amount of prior encumbrances.

Under these circumstances, it seems to me perfectly clear, that ·complainant had such an interest in the premises as to entitle it to subrogation. It had a decree establishing its lien, which might or might not be discharged on appeal, and it was of manifest importance to it that the sale of the premises under the prior encumbrances should be postponed until the event was known. In order to effect such postponement it was obliged to pay off· those encumbrances.

This, I think, brings it within the protection of the rule laid down in the authorities. *Shinn* v. *Budd, 1 McCart. 234; Hamilton* v. *Dobbs, 4 C. E. Gr. 227; Bigelow* v. *Cassedy, 11 C. E. Gr. 557; Sheld. Sub. §§ 3, 12; Mosier's Appeal, 56 Pa. St. 76.*

I will advise a decree accordingly, with costs, in favor of the ·complainant. The defendants, Mrs. Gaskell and Edward Linn, ·answered under oath in response to the demand of the complainant in that behalf, and are, therefore, entitled to their costs, to ·be paid by complainant.