Kocher v. Kocher.

---

ELIZABETH KOCHER

*v.*

JOHN S. KOCHER et al.

[Filed October 17th, 1898.]

1. A life tenant who pays a mortgage on the premises is entitled to be subrogated to the rights of the mortgagee; and the cancellation of the mortgage by inadvertence will not alter such right, where no other rights have been affected thereby.

2. The life tenant was not barred from enforcing her claim when less than twenty years had elapsed.

On demurrer to bill.

John Kocher, the husband of the complainant, Elizabeth, died seized of a house and lot in the city of Newark, which was subject at his death to the lien of a mortgage thereon for $1,000. By his will he left the use of all his real estate for life to his widow, the complainant, and she has enjoyed the possession of it since. He left no personal estate whatever, except a little furniture, the precise value of which does not appear. Some

time after his death, which occurred in 1879, the holder of the mortgage called on the widow for payment, and she paid the same out of her own estate, and, through inadvertence, had the same canceled of record. The property has since been taken on condemnation proceedings by the city of Newark, and the proceeds paid to the defendant trust company, to hold in trust for the purposes of the will. The object of the bill is to obtain payment out of the fund of the amount due upon the mortgage.

*Mr. Herbert Boggs,* for the complainant.

*Mr. Edwin B. Williamson,* for the trust company, demurrant.

PITNEY, V. C.

The complainant, being interested in the premises as life tenant, and, being obliged to pay the mortgage in order to protect her life estate, was clearly entitled, upon such payment, to be subrogated to the rights of the holder of the mortgage. In fact, she became the beneficial holder by virtue of the payment. On the case presented, the fact that she, through inadvertence and ignorance, canceled the mortgage of record, does not alter her right. *Coudert* v. *Coudert, 16 Stew. Eq. 407.* It could only take effect against her by way of estoppel, and the case made by the bill discloses no room for the operation of that principle. Nobody has changed his position or acquired any rights based on the idea that the mortgaged premises were free and clear of the mortgage in question. The right of the widow is to so much of the money in the hands of the trust company as represents the amount which was due upon the mortgage at the death of the testator. From that time on she was bound by her position as a tenant for life to keep the interest down. Twenty years have not elapsed since she made the payment, and there was no occasion for her to sooner assert her rights. *Irick* v. *Clement, 4 Dick. Ch. Rep. 590.*

The demurrer must be overruled.