CATHARINE KINKEAD, respondent,

*v.*

JEROME ALFRED RYAN and GEORGE T. MATHEWS, appellants.

[Filed July 20th, 1903.]

1. The will of Christopher Mathews devised as follows: *"Third.* I give, devise and bequeath unto my beloved wife Catharine Mathews all my estate, both real and personal, for and during the term of her natural life. *Fourth.* After the death of my said wife, I give, devise and bequeath

Kinkead *v.* Ryan.

all my estate, both real and personal, unto my beloved children, George Thomas, Christopher Alfred, Mary Ann, and Catharine, and any other child of mine that may be born hereafter, share and share alike, and to their heirs and assigns forever. *Fifth.* If any of my said children should die before my said wife, then it is my will that upon my wife's death the share of my said estate which would have gone to such deceased child if living, shall go to the heirs of such deceased child."—*Held*, that at his death his son George took a vested remainder in fee in his lands, which was capable of being sold during the lifetime of the widow under execution on a common law judgment against George.

2. When one of several tenants in common pays off an encumbrance upon the common estate, a court of equity will consider the encumbrance as still existing in order to enforce contribution from the co-tenants, or as extinguished, according to the justice of the case and the actual intention of the party making the payment.

3. Under the circumstances of this case, the party paying off the common encumbrance was considered to have intended its complete extinguishment, and therefore no right of subrogation remained.

On appeal from a decree advised by Vice-Chancellor Pitney, whose opinion is reported in *19 Dick. Ch. Rep. 454.*

*Messrs. Black & Drayton* and *Mr. Paul Eugene Jones,* for the appellants.

*Mr. Charles L. Corbin,* for the respondent.

The opinion of the court was delivered by

Dixon, J.

We agree with the opinion of the learned vice-chancellor so far as it holds that, under the will of Christopher Mathews, his sons, George and Christopher A., took each a vested remainder in fee in an undivided fourth of his land; that on the death of Christopher A., in the lifetime of his mother, the estate of George was increased to one-third, and that by the sheriff's deed, in execution of the judgment against George, that third passed to his mother, and by her will was devised to the complainant. This disposes of the appeal by George T. Mathews.

As to the appeal of Jerome Alfred Ryan, the circumstances are as follows:

On March 1st, 1894, the lands of which Christopher Mathews had died seized in 1875 were held by his widow as tenant for life, and the remainder was owned equally by the widow, her daughter the complainant, and her grandson the appellant, as tenants in common; the entire estate in a part of the lands was subject to a mortgage securing a bond given by the said Christopher to the Equitable Life Assurance Society, in November, 1868, on which there remained due $2,500; on the day first above mentioned the widow, with her own money, paid off this bond, and caused both the bond and the mortgage to be canceled and an entry of satisfaction to be made on the record of the mortgage; from that time until her death, in November, 1901, she never asserted any right against her co-tenants or their estate because of that payment.

On these facts the vice-chancellor concluded that the widow had become entitled to stand in the place of the mortgagee for the purpose of securing contribution by her co-tenants; that this right passed to the complainant as executrix and sole legatee of the widow, and could now be enforced by her against the estate of the appellant. From this determination the appeal is taken.

There can be no doubt that when the widow paid the amount due upon the bond and mortgage she was entitled to acquire the right of an equitable holder of those instruments in order to compel the estate of her co-tenants to bear a just share of the encumbrance, but whether she would acquire such right depended upon her *intention* at the time of making the payment. A court of equity will keep an encumbrance alive or consider it extinguished, as will best serve the purposes of justice and the *actual and just intention* of the party. *Starr* v. *Ellis, 6 Johns. Ch. 393, 395*; *Robinson* v. *Leavitt, 7 N. H. 73, 100*; *Duncan* v. *Smith, 2 Vr. 325; Sheld. Subr. 21; Bisp. Pr. Eq. § 337*.

On paying the debt she was entitled to have the bond and mortgage delivered to her by the Assurance Society uncanceled, and that would constitute an equitable assignment thereof to her. *Hamilton* v. *Dobbs, 4 C. E. Gr. 227; Bigelow* v. *Cassedy,*

Kinkead *v.* Ryan.

*11 C. E. Gr. 557.* Such a course would have made clear her purpose to preserve the right of subrogation, not only as to the specific lien of the mortgage, but also as to the more general obligation resting upon the devisees of the obligor. But, by canceling both of these instruments, she furnished substantial evidence of a design that the burdens which they created should be wholly extinguished. Although this evidence might not be deemed conclusive, incapable of rebuttal, yet, when we find that the burdens thus to be removed could rest only upon her daughter and infant grandson, and that during a period of more than seven years thereafter she gave no sign of a thought that the burdens remained, we are impelled to the belief that she intended their extinguishment. The suggestion that her cancellation of the mortgage may have been for the purpose of increasing her financial credit as an owner of the land, or of facilitating her transfer of the title, finds no support in the circumstances disclosed by the testimony, and, besides, leaves undisturbed the force due to the cancellation of the bond, her relationship to the persons concerned and the long period of her inaction and silence.

We think that when Mrs. Mathews paid off the bond and mortgage she intended a benefaction to her daughter and grandson, and not to be subrogated to any claims against them or their estate.

Let the decree, so far as it charges the estate of Jerome A. Ryan with a share of the sum paid by Mrs. Mathews in satisfaction of the bond and mortgage, be reversed, and in other respects be affirmed.

*For reversal*—THE CHIEF-JUSTICE, VAN SYCKEL, DIXON, GARRISON, FORT, HENDRICKSON, SWAYZE, BOGERT, VREDENBURGH, VOORHEES, VROOM, GREEN—12.

*For affirmance*—None.