This bill was filed to foreclose two mortgages, one for $2,800, executed by one Wagner in 1914, and the other for $600, executed by the defendant Eleanor M. Dancy in 1926. Wagner was the former owner of the mortgaged premises and he conveyed to John J. Dancy on April 28th, 1915, Dancy taking subject to the $2,800 mortgage. John J. Dancy died intestate May 9th, 1923, leaving surviving him his widow, Eleanor M. Dancy, and several minor children, who are the petitioners here. It was some three years and five months after his death that Mrs. Dancy executed the $600 mortgage to the complainant Building and Loan Association. She later married the defendant Michael Pocino, and in 1927 died intestate, leaving the infant petitioners, her husband, and two children who were of age, surviving her. The bill alleges that there was a total of $3,400 due the complainant on the two mortgages at the date of filing the bill. All the parties, including the infants, were duly served, and Pocino, the stepfather, was appointed guardianad litem of all the infant defendants. He filed an answer admitting all the allegations of the bill except the allegation as to the amount due on the mortgages. This allegation was denied. Thereafter, the matter was referred to a master, who reported that there was $615.35 due on both mortgages. Final decree confirming the master's report and directing sale of the premises was entered on June 18th, 1928, and on October 3d 1928, the sheriff of Union county, in pursuance of an execution issued out of this court, sold the premises to one Aaron Kaufman for $3,900. Kaufman received his deed from the sheriff and later sold to one Weisbrot, who mortgaged the property to Springfield Building and Loan Association for $5,500. This mortgage was later paid and then Weisbrot conveyed to the defendant Zlatkus, who mortgaged the premises to Mutual Savings Fund Harmonia, for $5,000. That mortgage is still open of record and unsatisfied. After the sale, the sheriff paid to the complainant the amount of its decree and costs and still has in his hands the sum of $2,900, *Page 514 
representing surplus moneys resulting from the sale. On June 10th, 1930, one year and eight months after the foreclosure sale, the present petition was filed, in which the petitioner seeks to set aside the decree, fieri facias, sheriff's sale, sheriff's deed and subsequent deeds, mortgages, c., and asks for an accounting from all parties concerned, and an order is prayed that the complainant pay back to the sheriff the amount which it received in satisfaction of its decree. The petition for this relief is based upon the allegation that at the time the $600 mortgage was executed by Mrs. Dancy the proceeds of this mortgage, plus the value of the building and loan shares held by the association as collateral, were applied to the payment of the $2,800 mortgage; that the mortgage, having been paid, was not subject to foreclosure when the bill was filed and the decree entered; that the only mortgage which the complainant association held was the $600 mortgage executed by the widow, Mrs. Dancy, and that that mortgage did not bind the lands, at least no interest therein beyond the dower right of the widow; that that right ceased upon her death and that the premises were not, therefore, subject to foreclosure and sale under that mortgage.
An examination of the file discloses that all of the proceedings in the cause were regular and the decree on its face is valid. If any mistake was made in the proceedings, which seems probable, it was by the master. No exceptions to the master's report were filed and all subsequent proceedings were regular on their face.
The present procedure is the modern substitute for bill of review. Morris v. Glaser, 106 N.J. Eq. 585, and cases there cited. The petitioners are within their rights in filing this petition to open the final decree, as they are still under age.Ibid. The matter comes before me on the return of an order to show cause. From the affidavits submitted in this proceeding, and my inspection of the files, I think it clearly appears that the sale to Kaufman was bona fide; that he was a purchaser for value without notice and that the conveyance to him cannot now be attacked in this proceeding. Shultz *Page 515 
v. Sanders, 38 N.J. Eq. 154; affirmed, 38 N.J. Eq. 293; Mount
v. Manhattan Co., 43 N.J. Eq. 25; Wimpfheimer v. PrudentialInsurance Co., 56 N.J. Eq. 585; Ostrom v. Ferris, 99 N.J. Eq. 551.
Counsel for petitioners insists that the $2,800 mortgage had been paid and that the complainant had no right to foreclose it; that the $600 mortgage was invalid as an encumbrance on the lands; that as the purchaser at the sheriff's sale took nothing except the title which the debtor had, and that as Mrs. Dancy's (the debtor's) interest ceased on her death, the sheriff's deed conveyed, and the purchaser took, exactly nothing. But this argument overlooks the fact that the bill was filed to foreclose two mortgages, the first of which, if unpaid, was a valid encumbrance on the fee prior in lien to the rights of the petitioners. The bill claimed $3,400 due on both mortgages and this was denied. The only issue before the master was the amount due on the two mortgages. He reported $2,800 due on the first mortgage and $600 due on the second; he also reported interest and fines amounting to $37.50 to be due, making a total of $3,437.50 due on both mortgages. As against this sum he credited the defendants with the value of building and loan shares withdrawn and the value of dues paid in amounting in all to $2,822.15, which he deducted from the amount previously found to be due on both mortgages, showing a balance of $615.35 due complainant. The final decree confirmed the master's report and directed that the premises be sold. If any part of the sum of $615.35 was actually due on the first mortgage then the sheriff's deed conveyed the title which the mortgagor, Wagner, had at the time the mortgage was executed, or which he afterward acquired. There was nothing in the proceedings to show that the first mortgage had been paid and the purchaser had a right to rely upon the final decree, which he apparently did. He should, therefore, be protected. Weisbrot and Zlatkus, the subsequent purchasers, deriving their title through Kaufman, are also protected and so is the Mutual Savings Fund Harmonia, Zlatkus' mortgagee. There is sufficient *Page 516 
in the petition and supporting affidavits, however, to warrant the opening of the decree to permit the taking of further testimony in order that it may be determined whether or not the $2,800 mortgage had been paid and should have been satisfied, and to determine the rights of the respective parties to the suit in view of the later mortgage of $600 executed by the widow Dancy. I will advise an order accordingly. The petition will be dismissed as to all parties except the complainant.