THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF ATLANTIC, DEFENDANT IN ERROR, v. THE INHABITANTS OF THE TOWNSHIP OF WEYMOUTH, PLAINTIFFS IN ERROR.

Argued November 19 and 20, 1902—Decided March 2, 1903.

1. Taxes are purely of legislative creation, hence a special method prescribed by statute for their collection or devolution must be pursued to the exclusion of others based upon general principles of law.
2. Section 24 of the General Tax act (*Gen. Stat., p.* 3285) makes it the duty of the township collector to pay the moneys collected in his township for county purposes to the county collector. *Held*, that (nothing more appearing) an action by the county against the township for such moneys will not lie.

---

On error to the Atlantic Circuit.

The plaintiff recovered judgment below, to reverse which the defendant brings this writ of error.

For the plaintiffs in error, *Enoch A. Higbee* and *David J. Pancoast*.

For the defendant in error, *Thompson & Cole*.

The opinion of the court was delivered by

GARRISON, J.  The main question presented by this writ of error is whether a township is liable to the board of chosen freeholders of the county of which it forms a part for the amount of the taxes collected in such township for such county.  The answer to this question is to be found in two established principles of law respecting taxation, viz.:

1. Taxes are, in legal contemplation, neither debts nor contractual obligations, but are, in the strictest sense of the word, exactions.

2. Where the legislature has prescribed a special method respecting such divestments and their devolution, such method must be pursued to the exclusion of others based upon general legal rules.

The legislative provision by which taxes collected from townships shall reach their respective county treasuries is as follows: "It shall be the duty of the township collector to pay the moneys which he shall have received by virtue of any such assessment to the county collector." *Gen. Stat., p.* 3285, § 24.  This is explicit.  The further provisions of the Tax act (*Gen. Stat., p.* 3286, § 30) and of the act relating to chosen freeholders (*Gen. Stat., p.* 413, § 24), making the township directly liable to the county under certain specified conditions, emphasizes the absence of such liability when such special conditions do not exist.  Doubtlessly conditions other than those thus enumerated may so disturb the normal relations of the respective collectors with their municipalities that recourse to general legal rules must be had.  To speculate, however, as to what these conditions might be, or to cite cases in which they have actually arisen, would be to ventilate views not conducive to the determination of the case in hand, which will be fully disposed of when the conclusion has been reached that it presents no special features that take it out of the legislative rule respecting the channel by which taxes collected in townships shall be passed on to the counties to which they belong.  Having reached such a conclusion, the judgment contained in this record, by which efficience is given to a different course, must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, BOGERT, VREDENBURGH, VOORHEES, VROOM. 13.