CHARLES W. BAKER ET AL., EXECUTORS OF CYRUS O. BAKER, DECEASED, PROSECUTORS, v. THE CITY OF EAST ORANGE ET AL., RESPONDENTS.

Argued November 5, 1920—Decided November 24, 1920.

1. From an assessment for taxation of personal property against an estate, the federal estate tax, the federal income tax, the state transfer inheritance tax cannot be deducted from the true value of the personal property, under *Pamph. L.* 1918, *p.* 853, ¶ 303, as debts.

2. The federal government and the State of New Jersey are not "creditors residing in the state" within the meaning of the statute.

3. Taxes are, in legal contemplation, neither debts nor contractual obligations. but are, in the strictest sense of the word, exactions.

On *certiorari*.

Before Justices SWAYZE, PARKER and BLACK.

For the prosecutors, *Church, Harrison & Roche.*

For the respondent city of East Orange, *T. McCurdy Marsh.*

For the Essex county board of taxation, *William E. Sandmeyer.*

The opinion of the court was delivered by

BLACK, J.   The only problem presented for solution in this case is, Can the federal estate tax, amounting to $46,749.43, the federal income tax for the year 1918, amounting to $3,-203.04, and the state transfer inheritance tax of New Jersey, amounting to $23,771.10, in all, $73,723.57, be deducted from an assessment for taxation of personal property, amounting to $136,900, levied by the city of East Orange? The assessment was made as of the 1st day of October, 1918, for the year 1919 against the estate of Cyrus O. Baker. Mr. Baker died on June 13th, 1918, a resident of East Orange. The assessment is made under and by virtue of *Pamph. L.* 1918, *p.* 848, ¶ 202. Under the same act (*Pamph. L.* 1918, *p.* 870, ¶ 512), if the value of the taxable property is too great, on *certiorari,* the court shall amend such assessment and reduce the same to the proper and just amount and thereupon affirm the same according to such amendment and reduce and reverse the same as to the excess only.

The assessment was made and fixed at $136,900 by the Essex county board of taxation. This amount, on appeal to

the state board of taxes and assessment, was affirmed, the appeal dismissed, hence, the *certiorari* to review such determination in which there is no controversy concerning the facts. The question involved is solely one of law. Mr. Jess, the president of the state board of taxes and assessment, filed a memorandum in which he successfully vindicated the action of the state board in affirming the assessment; he stated with clearness the reasons on which the action of the state board was based. Under *Pamph. L.* 1918, *p.* 853, ¶ 302, the assessor shall each year ascertain the "true value of all the personal property" in the taxing district. After making the valuation of the personal property, for which any person shall be assessed, the assessor may deduct from such valuation all debts *bona fide* due and owing from such person to creditors residing in this state. (Section 303.) The first question, therefore, that is suggested, Is a tax a debt within the meaning of the statute? A tax, in its essential characteristics, is not a debt nor in the nature of a debt. A tax is an impost levied by authority of government. *City of Camden* v. *Allen,* 26 *N. J. L.* 398. Taxes are, in legal contemplation, neither debts nor contractual obligations, but are, in the strictest sense of the word, exactions (*Board of Freeholders of Atlantic County* v. *Weymouth,* 68 *Id.* 652; *Paterson Avenue, &c., Road Commissioners* v. *Freeholders of Hudson,* 44 *Id.* 570; 45 *Id.* 173; 37 *Cyc.* 710; 26 *R. C. L.* 25, ¶ 11; see *Bergen* v. *Clarkson,* 6 *N. J. L.* 352, 365), although, in the acts taxing railroad and canal property and miscellaneous corporations passed in 1884 (*Pamph. L., p.* 142, ¶ 12; *p.* 232, ¶ 6), the tax levied under those acts is declared in the statute to be a debt

It is quite clear, therefore, that these amounts or taxes, by whatever name designated, cannot be deducted from the true value of the personal property in the taxing district, under the above paragraph 303, as debts; they do not come within either the wording or the purpose of the statute. Moreover, the federal government and the State of New Jersey are not "creditors residing in the state" within the meaning of that

statute.   We think this disposes of this case and leads to affirming the assessment.   But it may not be amiss to add that the federal income tax was not due on October 1st, 1918, the date of the assessment; the state transfer inheritance tax of New Jersey is levied not as a property tax but it imposes a succession tax.   *Carr* v. *Edwards,* 84 *N. J. L.* 667.   It is levied not against the estate but the individual shares or legacies.   So, the federal inheritance taxes are death duties. *Knowlton* v. *Moore,* 178 *U. S.* 41.   They are levied upon the transmission of the whole estate.   The record shows the value of the personalty of this estate to be $771,435.17, whereas the portion of the personalty assessed in East Orange is only $136,900.   Moreover, none of the taxes sought to be deducted are taxes on property as such, like the personal property tax assessed by the city of East Orange.   They are taxes upon income, death duties, the right to transmit property or legacy duties by whatever name called, levied under laws, which do not limit, either expressly or impliedly, the power of the state to impose a tax upon property at its true value.   They are not subject to any of the constitutional limitations upon taxes on property found in the state constitutions.   *Magoun* v. *Illinois Trust, &c., Bank,* 170 *Id.* 283.   Deductions and exemptions can be allowed only in the manner prescribed by the statute.   Taxation is the subject of statutory regulations. The statute (*Pamph. L.* 1918, *p.* 848, ¶ 202) expressly provides all property, real and personal, within the jurisdiction of the state, not expressly exempted by the act or excluded from its operation, shall be subject to taxation annually under the act, at its true value, and shall be valued by the assessors of the respective taxing districts.   The tax assessment brought up by the *certiorari* is affirmed, with costs.