Jersey City has filed with the receiver of the defendant insolvent corporation claims for taxes and water rents.
The receiver properly concedes that the claim for personal property tax for the years 1931 to 1933, amounting to $2,461.54, is valid and entitled to preference. "An act in relation to taxes upon personal property and providing for the collection thereof" (P.L. 1896 p. 181; Comp. Stat. p. 5182), directs the receiver of a corporation, appointed by this court, to pay, out of the first moneys received by him, unpaid taxes with interest and penalties. A proviso preserves the lien of employes for wages. Expenses of administration, wages and taxes due to the state are first payable, then the personal property tax due the municipality. Spark v. La Reine Hotel Corp., 112 N.J. Eq. 398;Philadelphia Dairy Products Co. v. Summit Sweets Shoppe,113 N.J. Eq. 458. The receiver has paid all wage claims and has sufficient funds on hand to pay administration expenses and any state taxes that may be due, as well as the personal property tax. Again, "An act for the assessment and collection of taxes (Revision of 1918)" (P.L. 1918 p. 847 §§ 513, 606; Cum. Supp.Comp. Stat. p. 3499, 3502), operates to give the municipality a lien on the chattels of the delinquent. Upon the sale thereof by the receiver, the lien was transferred to the proceeds.Pasquariello v. Arena Twine and Cordage Co., 108 N.J. Eq. 491;Chase Brass and Copper Co. v. Bart Reflector Co., 111 N.J. Eq. 59.
The claim of the city includes items for taxes levied on the company's motor vehicles for 1924, 1926 and 1927. Though the automobiles were assessed separately from the *Page 191 
bulk of the company's chattels and were shown as a separate item in the tax bills, the tax thereon was a part of the general personal property tax of the company and is governed by the same rules and has the same preference. By an amendment to the Tax act (P.L. 1927 p. 790), motor vehicles were exempted from taxation under the statute. Even considering this amendment as a repealpro tanto, it did not affect liability for the automobile taxes theretofore imposed. Town of Belvidere v. Warren Railroad Co.,34 N.J. Law 193.
Counsel for the city agrees with the receiver that taxes on the real estate are not a charge upon the funds in the hands of the receiver, and I too agree, although there are provisions in the Tax act pointing the other way, especially in sections 606 and 609. These provisions are vestiges of the method of collecting taxes that prevailed until 1854. Taxes on real estate were not a lien on the land and were enforced like personal property taxes by distraint and sale of chattels and by imprisonment of the delinquent. Paterson 404 §§ 17, 32. By P.L. 1854 p. 429, and P.L. 1863 p. 497, land taxes were made a lien on the lands and our present system of enforcement inaugurated. For many years, the law was that such taxes could be collected either by distraint or by sale of the land. Estell (State) v. Hawkens,50 N.J. Law 122. The act for the assessment and collection of taxes (P.L. 1903 p. 394 § 43; Comp. Stat. p. 5126), made it the duty of the collector to enforce all taxes by distress and sale of the chattels of the delinquent and not merely taxes on personalty. In the Revision of 1918, section 606, this provision was changed so that it is now the duty of the collector "to enforce the payment of all taxes on personal property and poll taxes, and dog taxes, by distress and sale of any of the goods and chattels of the delinquent in the county." The city has no lien on chattels for the real property tax. The act of 1896 mentioned above, which requires a receiver of a corporation to pay taxes, is limited by its title to taxes on personalty. Section 102 of the Revision of 1918 imposing personal liability does not apply to a tax on real estate. Borough of Wrightstown
v. Salvation Army, 97 N.J. Law 89. *Page 192 
A tax on real estate is only a lien on the land and not a personal obligation of the landowner or a charge on its chattels. The receiver is justified in paying it only when there is an equity in the land to be preserved for the benefit of creditors. Since it is doubtful whether there is any such equity, the receiver will not be directed to pay the tax. Of course, I am speaking of taxes which accrued before the appointment of the receiver and not taxes which accrued while the receiver was using the property for the benefit of creditors. In the latter case, the receiver pays taxes as an operating expense. McKenzie v.Standard Bleachery Co., 109 N.J. Eq. 429.
The last question raised has to do with $39,580 due to the city for water supplied to Turner Company. The obligation to pay water rates rests in contract, express or implied. Such a contract arises from the actual use of water by the party sought to be charged. Mayor, c., of Jersey City v. Morris Canal andBanking Co., 41 N.J. Law 66; Lehigh Valley Railroad Co. v.Mayor, c., of Jersey City, 103 N.J. Law 574; 104 N.J. Law 437.
The personal liability of the corporation is reinforced by statute. P.L. 1852 p. 419 § 14, and the charter of Jersey City, P.L. 1871 p. 1094 § 81 (at p. 1131), and the Home Rule act, P.L. 1917 p. 319 art. 32-11 (at p. 436); Cum.Supp. Comp. Stat. p. 2300. The city is therefore a general creditor for the metered water charge, but the proof of claim shows that the city has taken the steps pointed out by the statutes above mentioned to impress the charge as a lien on the real estate and it asserts that this lien is superior to the mortgage, an assertion probably well founded. Vreeland v.Mayor, c., of Jersey City, 37 N.J. Eq. 574; Ford Motor Co. v.Mayor, c., of Kearny, 91 N.J. Law 671; K.S.S. Realty Co.,Inc., v. Ostroff, 100 N.J. Eq. 128; affirmed, 101 N.J. Eq. 771.
A secured creditor must first exhaust his security and may come in as a general creditor for a dividend upon the balance only. State Bank v. Receivers of Bank of New Brunswick, 3 N.J. Eq. 266; Butler v. Commonwealth Tobacco Co., 74 N.J. Eq. 423.
The receiver will be directed to disallow the claim for water sold to the company. *Page 193