GEORGE E. BRUNNER, director of the department of revenue and finance of the city of Camden, New Jersey, complainant-appellant,

*v.*

BERTHA C. MORRISON, owner, and GIRARD BUILDING AND LOAN ASSOCIATION, and CAMDEN SECURITIES COMPANY, mortgagees, defendants-respondents.

[Argued October 28th, 1937. Decided January 26th, 1938.]

*Mr. Firmin Michel,* for the appellant.

*Mr. Norman Heine (Mr. Aaron Heine,* of counsel), for the respondents.

The opinion of the court was delivered by

PERSKIE, J.

We are here concerned with two questions. (1) Should the court below, under the circumstances here exhibited, have finally determined the rights of the parties in a summary manner?

(2) May a mortgagee who has acquired title to property, by virtue of a sale under a foreclosure suit, set off against taxes due the municipality on the property so acquired, the amount of rent which the municipal officer of that municipality, as receiver, under the Stout act (*P. L. 1933—special session—ch. 6 p. 1304*) allegedly should have collected, but did not collect? Our answer to both questions is no.

The facts which give rise to these two questions are substantially these: Appellant, complainant below, the director of revenue and finance of the city of Camden, N. J., was appointed rent receiver *ex officio* of the property in question on October 19th, 1936, pursuant to the provisions of the Stout act. *Supra* (at *p. 1305*). At that time the property was in the possession of a tenant. Respondent Camden Securities Company, defendant below, owned a mortgage upon the premises, and, prior to complainant's appointment had instituted foreclosure proceedings. The mortgagee, however, yielded to complainant its right under the act (*supra, p. 1305*), to have a foreclosure receiver *pendente lite* appointed. On February 23d, 1937, the respondent mortgagee acquired a deed for the property by virtue of a sale under the foreclosure suit which it had instituted, and on March 1st, 1937, it began collecting $32 per month rent from the tenant therein. On April 26th, 1937, complainant, alleging in a duly verified petition that he had received no money, and had been unable to collect any rent, sought to be discharged as rent receiver.

Respondent objected to the discharge and filed an affidavit setting forth that it was because of the failure or neglect of the complainant or his agents that no rent was collected from the time complainant was appointed receiver on October 19th, 1936, until respondent itself made collections on March 1st, 1937. Respondent's affidavit further alleged that the fair and reasonable rent for the premises during the receivership was $32 a month. Then, despite the averment in the complainant's verified petition that "the receiver made *diligent effort* to secure the rents due upon the property" and that "no money came into the hands of the petitioner," the learned vice-chancellor advised a decree, which was subsequently entered, compelling complainant to account to respondent for the occupational value of the premises, *and* that in lieu thereof, respondent should receive a credit upon the taxes due the municipality on the premises in the sum of $148, "that being the fair and reasonable occupational value for the premises for the time that said premises were in possession of the complainant." Complainant appeals from this decree.

*First:* Apart, primarily, from any consideration of the merits, it is manifest that, in compelling an accounting and, in lieu thereof, allowing respondent a credit upon the taxes due, the learned vice-chancellor determined summarily, upon complainant's verified petition and respondent's affidavit only, that complainant was negligent, and further, that his negligence was chargeable to the municipality of which he was the director of revenue and finance. The municipality was not made a party to these proceedings. It was error to resolve these issues in a summary fashion. Complainant was entitled to a hearing "as at a trial at law before a jury." Chancery rule No. 123. *Bowen* v. *Pursel, 100 N. J. Eq. 319; Engler* v. *Buesser, 106 N. J. Eq. 173. Cf. Louis Kamm, Inc.,* v. *Flink, 113 N. J. Law 582, 596; 99 A. L. R. 1.*

*Second:* We could perhaps with propriety stop at this point. We do not choose, however, to do so. For we are of the further opinion that the decree is erroneous upon the merits.

Assuming, but not deciding, that complainant became liable

to respondent either upon the theory of negligence; or upon the theory that complainant occupied the position of a mortgagee in possession and thus became "liable for rent whether he received it or not," since "by taking possession he assumes the position of owner, and is, therefore, chargeable with the profit a provident owner could have made" (*Dawson* v. *Drake, 30 N. J. Eq. 601;* see *46 A. L. R. 138, 147, 148*), the question still remains whether the damages, flowing from that "assumed negligence," or from the breach of duty as a "provident owner," may be set off against the taxes due the municipality upon the premises in question. As already observed, we think not.

What, in the final analysis, are taxes? Our courts have uniformly held that a tax in its essential characteristics is not a debt, nor in the nature of a debt. A property tax is an exaction, an impost, levied by authority of a municipality upon property within its borders for the support of the municipality. It is neither a debt nor a contractual obligation. It is a charge upon the land in question. *City of Camden* v. *Allen (Supreme Court), 26 N. J. Law 398; Board of Chosen Freeholders of Atlantic County* v. *Weymouth, 68 N. J. Law 652, 653; Baker* v. *East Orange, 95 N. J. Law 365, 367; affirmed, 96 N. J. Law 267; Schradin* v. *Harry W. Bealer Co., 114 N. J. Eq. 459, 461; affirmed, 117 N. J. Eq. 443. Cf. 6 McQuillin, Mun. Corps. (2d ed., 1928) 268, 269 § 2519.* If all that be true, and we have recently (1933) held it to be so (*Piscataway Township* v. *First National Bank of Dunellen, 111 N. J. Law 412; 90 A. L. R. 423*) notwithstanding our broadly phrased statute relating to set-offs against a municipality (*P. L. 1927 ch. 243 p. 459*), then to allow respondent the credit it seeks would, in our opinion, be to circumvent, and to run afoul of, the entire basic philosophy of taxation. For, if taxes are for the support of government it is difficult to understand how a set-off, such as is here sought to be exacted, could possibly support the poor, educate the young, provide police and fire protection, build roads, pay public officials, employes and tax pledged obligations, or support or carry on any other of the

myriad obligations, duties and functions of a governing body. Indeed, "to hold that a tax is liable to set-off would be utterly subversive of the power of government and destructive of the very end of taxation." *City of Camden* v. *Allen, supra* (at p. *399*). See, also, *Sea Isle City Improvement Co.* v. *Sea Isle City* (*Supreme Court*), *61 N. J. Law 476, 477,* and *McQuillin, op. cit., supra, 367* § *2567,* and compare *Lyon* v. *City of Elizabeth, 43 N. J. Law 158; Vanderpoel* v. *Borough of Mount Ephraim, 111 N. J. Law 423; 89 A. L. R. 862.* (For an extensive note upon the right of set-off against a municipal claim, see *90 A. L. R. 431;* and for the statutory right of a municipality to off-set overdue taxes, &c., "to settle and extinguish" a judgment against it, see *chapter 152, P. L. 1917 p. 460* § *21.*)

We are entirely satisfied that "the general rule prevailing throughout the United States   *   *   *   that taxes are not subject to   *   *   *   set-off on the part of the taxpayer" (*Village of Charlotte* v. *Keon, 207 N. Y. 346; 100 N. E. Rep. 1116, 1117*) is the correct one.

Accordingly, the decree is reversed, costs to abide the event.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, JJ. 12.