Essex County Circuit Court.

FRANCIS REALTY COMPANY, A CORPORATION, PLAINTIFF, v. THE CITY OF NEWARK, A MUNICIPAL CORPORATON, DEFENDANT.

Decided May 20, 1938.

For the plaintiff, *Hannoch & Lasser* (by *Arthur A. Hannoch*).

For the defendant, *James F. X. O'Brien* (by *Joseph A. Ward*).

William A. Smith, C. C. J. This matter is submitted to me on a motion to strike out the answer on the ground that it is not sufficient in law.

On October 1st, 1934, the plaintiff owned real estate located at 673-5 Broad street in the city of Newark, known as Lot 62, Block 61, which was assessed for taxes for 1935 in the sum of $274,800. Plaintiff appealed from this assessment, which appeal was carried to the State Board of Tax Appeals, and pending these appeals the plaintiff paid the taxes which were assessed for 1935 which were the subject of the appeal based on the original assessment, the payments being made in four quarterly payments aggregating $9,233.29. The State Board of Tax Appeals finally granted a reduction in the assessment of $24,500. This entitled the plaintiff to a

refund for overpayment aggregating $823.20, and this action is brought to recover that refund.

The answer admits the allegations of the complaint except a claim that the plaintiff is entitled to a refund, and the answer alleges as an affirmative defense that the plaintiff has received credit for the refund by its application to tax charges due and owing the city of Newark by Francis Realty Company. This raises the question of whether the city may use the indebtedness represented by the refund to pay tax charges due and owing the city of Newark. I understand that it is stipulated as a fact that the credit was applied as a credit against the 1936 real estate taxes on the same property, so I will consider the answer as amended accordingly. It is necessary that I do this in order to dispose of the question on its merits. There is no allegation in the answer that the set-off was made by and with the consent of the plaintiff. The city justifies this set-off by virtue of the statutory provision, *Rev. Stat.* 1937, 2:27-255:

"Offset against judgment of taxes, &c., due municipality. Whenever any judgment shall be or shall have been recovered in any court of competent jurisdiction in this state against any municipality by any person who is or shall have been at the time of the recovery of such judgment indebted to such municipality for taxes, assessments, water rates, or other indebtedness of a public nature, or who shall become so indebted before the satisfaction of such judgment, it shall be lawful for such municipality to settle and extinguish such judgment, and any execution issued thereon, by offsetting and crediting the amount thereof upon and against any overdue taxes, assessments, water rates, or other indebtedness of a public nature due from such judgment creditor."

The determination of the Board of Tax Appeals does not fix the liability for payment but settles the amount of the assessment. The statute, therefore, is hardly applicable when it refers to a judgment recovered by the taxpayer; but regardless of this the statute is inapplicable and does not give a right of set-off in a case of this character because it authorizes the set-off of the judgment where the taxpayer "is indebted

to the municipality for taxes, assessments, water rates, or other indebtedness of a public nature." A tax against real estate is not a debt of the owner; it is not founded on a contract express or implied but is an imposition against the property and no personal liability attaches. *Wrightstown* v. *Salvation Army*, 97 *N. J. L.* 89; 123 *Atl. Rep.* 607; *Baker* v. *East Orange*, 95 *N. J. L.* 365; 111 *Atl. Rep.* 681; *City of Camden* v. *Allen*, 26 *N. J. L.* 398.

The plaintiff is entitled therefore to have the answer stricken out as not setting up a defense. I might say that if no amended answer is contemplated a judgment interlocutory should be entered and that the plaintiff is not entitled to recover interest. *Hahne Realty Corp.* v. *City of Newark*, 119 *N. J. L.* 12; 194 *Atl. Rep.* 191.

The brief on behalf of the city and the reply thereto made by the plaintiff contains facts not before me. I prefer to decide the matter on the issues raised in the pleadings with the stipulation as to the amendment of the answer to set off the application of the refund to the payment of the 1936 taxes on the same property.