DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT
OF THE COUNTY OF HUDSON.

THE MANHATTAN LIFE INSURANCE COMPANY, v. CITY
OF JERSEY CITY AND TAMPA HOLDING CORPORA-
TION.

Decided December 22, 1943.

For the plaintiff, *Max Druz*.

For the defendant City of Jersey City, *Charles A. Rooney*.

For the defendant Tampa Holding Corporation, *Goldstein & Goldstein.*

Cozzi, D. C. J. The facts in this case are undisputed. Plaintiff owned certain premises known as 666 Grand Street, Jersey City, and on January 31st, 1941, entered into a written agreement of sale with Isaac Blumkin, wherein he agreed to buy the premises for a certain price, free and clear, except that he also assumed to pay the fourth quarter of taxes for the year 1940, which were unpaid. Isaac Blumkin assigned this agreement to the Tampa Holding Corporation, hereinafter referred to as "Tampa." The plaintiff had already paid three-quarters of the taxes of 1940, leaving the fourth quarter unpaid. During 1940, the plaintiff had filed an appeal to the Hudson County Tax Board for a reduction of the assessed valuation of the premises. This appeal was decided, "Affirmed as Assessed." Thereafter, the plaintiff appealed this decision to the State Board of Tax Appeals. Meanwhile, on February 28th, 1941, the plaintiff conveyed the premises, pursuant to the agreement and assignment, to Tampa. One year and three months later, on May 19th, 1942, the State Board of Tax Appeals, rendered its judgment reducing the assessed valuation, for the year 1940, $5,700 amounting to $296.69, reduction in taxes. On June 29th, 1942, Tampa paid the balance of the fourth quarter of taxes of 1940 which originally amounted to $421.77, less the reduction granted of $296.69, by paying the difference and balance due thereon of $125.08. The defendant, Tampa, had previously paid in 1941, the 1941 taxes, omitting payment of the fourth quarter of 1940 taxes which it had assumed to pay. The agreement of sale makes no reference or provision regarding any tax appeal. It appears that Max Druz, Esq., an attorney-at-law of this state, prosecuted the tax appeal to its conclusion.

The plaintiff, The Manhattan Life Insurance Company, sues the City of Jersey City and the Tampa Holding Corporation, for $296.69, claiming that it was entitled to the refund of the tax reduction granted to it as a result of the appeal, either by virtue of the agreement of sale or upon the theory and doctrine of unjust enrichment.

Therefore, under the circumstances, the legal question resolves itself as to whether the plaintiff, by virtue of the agreement of sale or principles of *quasi*-contract, is entitled to the refund of the reduced taxes from either defendant.

The court shall first consider the question of liability of the City of Jersey City. Was the City of Jersey City legally responsible to refund the reduction of taxes or credit the allowance towards the unpaid portion of taxes of 1940?

The pertinent provisions of statutes in this state as provided in *N. J. S. A.* 54:2–14, 54:2–35, 54:2–39, 54:3–22, 54:3–27, 54:4–23, 54:4–56, 54:4–105 and 54:4–6, justifies the City of Jersey City to apply and credit the reduction towards the unpaid taxes due for such year. Such conclusion, at least, is warranted by the legislative intent. It is further significant that the plaintiff was the owner of the premises during the entire year of 1940. This case is distinguishable from the situation presented in the case of *Binder* v. *City of Newark,* 19 *N. J. Mis. R.* 624; 22 *Atl. Rep.* (2*d*) 359. In the latter case, the City of Newark had credited the refund to the ensuing year's taxes, no taxes remaining unpaid for the year in which the taxes were reduced. The City of Newark, therefore was unjustly enriched over and above the readjusted taxes which had already been paid and the court allowed the plaintiff to recover a judgment for his *pro rata* share commensurate with the length of time he owned the premises during such year. This is not so, in this case. The City of Jersey City, by reason of the refund was not unjustly enriched beyond the readjusted taxes for the year. Furthermore, the plaintiff in this case, made voluntary payments on account of the 1940 taxes. Voluntary payment of taxes, based on a legal assessment, is made at the risk of the payor to the extent of the readjusted taxes for such year. See *Hahne Realty Co.* v. *City of Newark,* 119 *N. J. L.* 12; 194 *Atl. Rep.* 191, and *R. S.* 54:3–27, as amended, *N. J. S. A.* 54:3–27.

The statutory provision of *N. J. S. A.* 54:4–8.2 merely extends the right, in the taxing authority to credit any refund due to a tax reduction granted by virtue of an appeal, on any unpaid taxes due or to become due thereon, in the ensuing years, provided there has been no change of ownership in

the *interim* and consequently does not affect the situation *sub judice*.

The agreement of sale cannot lend any greater responsibility upon the City of Jersey City, as it is apparent it was not a party to this agreement, and hence, cannot be bound by its terms.

The court shall now consider the liability of the defendant Tampa Holding Corporation. Tampa contends that the fourth quarter of taxes of 1940 is now fully paid, and hence, there is nothing further before the court. The plaintiff, counters, by claiming that the fourth quarter of taxes for the year 1940 amounted to $421.77, and this was the sum that it assumed to pay. Tampa resists this offer of evidence as to the amount of taxes as it existed at the date of the agreement of sale, on the ground that such parol testimony tends to vary or alter the terms of a written agreement.

The objection is untenable. The written agreement of sale did not specify the amount of the taxes, but did refer to the fourth quarter of taxes for 1940, and by such reference, parol evidence is admissible to complete what otherwise would be an incomplete written provision and agreement. See *Naunberg* v. *Young*, 44 *N. J. L.* 331.

It is significant here, to point out that no reference or provision whatsoever was provided in the agreement of sale, concerning the tax appeal which the plaintiff prosecuted successfully, bringing about the reduction, now the subject-matter of this suit, nor does Tampa make such claim. The assumption by Tampa of the payment of the fourth quarter of taxes for the year 1940, was definite and unalterable as of the time of the execution of the agreement of sale, which was January 31st, 1941, at which time, no reduction of taxes was contemplated therein. By such reference, Tampa assumed to pay the sum of $421.77 as taxes, to the City of Jersey City. Instead, Tampa seeks to absorb the reduction of taxes granted to the plaintiff, by showing payment of the fourth quarter of taxes for the year 1940, as late as June 29th, 1942. It seeks to get credit for a tax reduction, not provided for in the agreement of sale, which developed a

year and three months thereafter, through the efforts of the plaintiff.

The State Board of Tax Appeals, in granting the reduction, did not review or reduce the fourth quarter of taxes alone, but actually reduced the assessed valuation of the premises for the, entire year. The taxes for the entire year was $1,677.31, and accordingly reduced to $1,380.62, thus figuring each quarter to be $345.15. Even with this reduction, the fourth quarter was never less than $345.15.

In view of the reduction brought about by the plaintiff's efforts and the assumption of taxes by the defendant Tampa for the last quarter of the year 1940, made specific by reference, as of the date of the agreement of sale, showing the tax to be then $421.77, the defendant Tampa was unjustly enriched to the extent of the reduction of taxes amounting to $296.69.

Under the circumstances, the law implies a promise on the part of this defendant Tampa to pay the plaintiff the difference between the amount actually paid and that which it had assumed to pay by virtue of the agreement of sale above mentioned. The law implies this promise on the part of the defendant based on the doctrine of unjust enrichment or quasi-contract, in that, the credit received by this defendant, because of the reduction of taxes, through the independent labor and efforts of the plaintiff not contemplated in the agreement for the benefit of this defendant, would unjustly grant to this defendant an advantage or a saving of moneys to which it is not entitled, but otherwise by its contract was legally obligated to pay.

Accordingly, judgment will be entered in favor of the defendant City of Jersey City and in favor of the plaintiff, against the defendant Tampa Holding Corporation in the sum of $296.69, besides interest from June 29th, 1942, being the date the defendant Tampa received the credit of the tax reduction.