30 N.J. Super. 65 (1954)
103 A.2d 268
IN THE MATTER OF THE ESTATE OF RAYMOND S. TAYLOR, DECEASED.
Superior Court of New Jersey, Mercer County Court, Probate Division.
Decided February 26, 1954.
*66 Messrs. Katzenbach, Gildea and Rudner (Mr. Horace J. Farlee, appearing), attorneys for the executor-accountant.
Mr. Samuel D. Lenox, guardian ad litem of infants and person appointed to represent unborn issue, in propria persona.
HUTCHINSON, J.C.C.
Raymond S. Taylor died testate on October 17, 1952, a resident of Mercer County, and his last will and testament was admitted to probate by the Surrogate of Mercer County and letters testamentary issued to the plaintiff and accountant herein, the Trenton Banking Company, as executor of said will. The plaintiff-accountant filed its first and final account of its administration as executor with the surrogate and notice of settlement was duly given to all the interested parties, two of whom were minors; and the unborn issue of two of which parties were represented to the court to be or possibly to be affected by this proceeding.
On petition and proper notice, a reputable, able and experienced attorney of this State was appointed by this court as guardian ad litem for the two minors and also to represent the unborn issue of two of the interested parties who are adults.
On the date for which the account was noticed for settlement, the guardian ad litem and person appointed to represent *67 the class not in being, namely the unborn issue referred to, filed his written report with the court which he requested the court to consider as exceptions to the account, and it was ordered to be so treated and considered. The report shows careful consideration by the expectant and an exhaustive examination of the account, vouchers, of the general administration of the estate, and of the law pertinent to the several exceptions taken.
None of the exceptions reflect in any way unfavorably upon the administration of the estate by the accountant but rather related to matters upon which there might reasonably be differences of opinion as to the law.
The exceptions are three in number, one of which was cured by agreement with the accountant by the filing with the surrogate of a supplemental report by the accountant as to collateral security held by the executor; and the other having to do with the commissions to be allowed to the accountant as disclosed by the notice of settlement, which was also disposed of with the consent of the accountant by the court's judgment allowing the commissions and account.
This procedure left but one exception for the court's consideration, having to do with the payment of real estate taxes on a certain property owned by the decedent at the time of his death. The decedent died October 17, 1952, owning a dwelling house known as No. 819 Berkeley Avenue, Trenton, which by his will he devised to his widow, Grace V. Taylor. In the account the executor prayed allowance for certain real estate taxes on the premises in question which it paid for the last quarter of 1952 and the first three quarters of 1953 out of the corpus of the estate.
The expectant, guardian ad litem, etc., takes the position that since the decedent specifically devised the property in question to his widow, Grace V. Taylor, and there is no clause in the will directing the executor to exonerate the premises of any liens in favor of the widow, any taxes which the executor paid on the premises in question for a period subsequent to October 17, 1952, the date of decedent's death, are not properly charged against the general estate but should *68 have been paid by the widow as sole devisee and owner and that the executor should be surcharged accordingly.
He contends that since 1918 realty taxes have not been enforceable by distraint and that, therefore, they do not constitute a personal obligation of the decedent which the executor was obliged to honor out of the general estate as a personal debt; were merely a lien against the real estate on which the taxes were assessed (L. 1918, c. 236), and ought not to be paid out of the personal estate. 5 New Jersey Practice (Clapp on Wills and Administration), sec. 256, p. 597, note 8, and note 4 citing Brown v. Brown, 1907, 72 N.J. Eq. 667 (Ch. 1907); Shearman v. Cameron, 76 N.J. Eq. 426 (Ch. 1909), modified 78 N.J. Eq. 532 (E. & A. 1911); and Commercial Trust Co. v. Gould, 105 N.J. Eq. 727 (Ch. 1930).
The attorneys for the accountant and the expectant are in agreement that the cases hereinabove cited are the only decided cases upon the subject.
The executor-accountant contends that real estate taxes on the property in question were assessed for the year 1952 as of October 1, 1951, and became a lien thereon on January 1, 1952, R.S. 54:5-6, and for the year 1953, as of October 1, 1952, which became a lien on January 1, 1953, on each of which assessment dates the decedent was living and they were assessed against the decedent as owner. He died, it will be recalled on October 17, 1952.
It takes the position that since taxes for the year 1952 were assessed as of October 1, 1951, and taxes for the year 1953 were assessed as of October 1, 1952, all of said taxes remaining unpaid at decedent's death constitute a debt against the estate which the executor is bound to pay out of the general estate. It also urges that fiduciaries have relied upon those decisions in good faith and on the basis of what they regarded as settled law, and that they should not be exposed to the hardship that might follow a different conclusion by this court; and that under the state of law at the time the testator made his will, there was no reason for him to provide therein that taxes assessed against real estate at *69 the time of his death should be paid out of his personal estate; and that it ought to be assumed that the testator devised the property in question with reference to the law as it was then understood to be.
The expectant also urges that the Real Estate Tax Law (R.S. 54:5-6) and the Transfer Inheritance Tax Law (R.S. 54:34-5D) should be read together and reconciled if possible so as to determine the legislative intent. He argues that if the executor is bound to pay the real estate taxes as a debt of the estate out of the general estate, then there is no way under the Inheritance Tax Law that the amount so charged can be claimed as a deduction for inheritance tax purposes; in other words, in this case the widow would have her taxes paid for over a year after her deceased husband's death out of funds going to residuary legatees and the latter would not even get the benefit for inheritance tax purposes for such a payment.
The law is as stated in 5 New Jersey Practice (Clapp on Wills and Administration), par. 256, page 596:
"Prior to 1918 it was held that a tax assessed against the testator's realty before his death was, after his death, payable out of the corpus of his personalty," citing Brown v. Brown, Commercial Trust Co. v. Gould, Shearman v. Cameron, supra. "This ruling was founded upon a statute formerly in effect, under which such taxes were made collectible by distraint upon the testator's goods and chattels; the theory of the ruling was that the testator was personally liable for the tax," citing Brown v. Brown, supra. "Since 1918, realty taxes have not been enforceable by distraint"; citing L. 1918, c. 236, p. 874; N.J.S.A. 54:4-78, "and since then, it has been held consistently that they do not constitute a personal obligation." Bea v. Turner & Co., 115 N.J. Eq. 189 (Ch. 1934). "Hence it follows, that since 1918 such taxes assessed before the death of the testator or intestate owning the realty, are chargeable only against the corpus of the realty." See also 163 A.L.R. 727.
Notwithstanding his personal view as expressed by the author, then sitting as master in the Essex County Orphans *70 Court in the matter of the estate of Frederick W. Shrump, in 1947, as indicated in note 8 above referred to, his decision in that estate conformed with those cited in note 4, namely the ones cited herein.
The Brown and Shearman cases are prior to 1918, while the Commercial Trust Company case is subsequent to that date. In 1918 a statute was passed (L. 1918, c. 236) as a result of which taxes on realty were no longer considered to be a personal debt of the owner, but simply a lien against the real estate on which the taxes were assessed. It is understandable, therefore, that prior to 1918 when a tax collector could distrain on the goods and chattels of a land owner for the non-payment of real estate taxes, taxes were then considered to be personal obligations and hence in the Brown and Shearman cases the executor was held responsible to honor, out of the general estate, as a personal debt, all taxes assessed on decedent's lands prior to decedent's death. The Commercial Trust case is a case in 1930, after the passage of the 1918 statute aforesaid. This case has been cited for the executor-accountant as supporting the obligation of the executor to pay the taxes in question. A reading of this case indicates quite clearly that the court did not give its own judgment on the point at issue. Counsel in that case for the residuary interests conceded that the taxes in question should be charged to corpus. It would seem that in that case no one called the court's attention to the 1918 statute, and that both counsel and the court felt bound by the Brown and Shearman cases, without anyone realizing the effect of the 1918 statute on the decisions in those cases.
The common law and the law in New Jersey on the right of an heir or devisee to have realty exonerated from a lien thereon, whether it is a mortgage lien or other lien, at the expense of the personal estate, depends on whether or not the lien is security for a personal obligation of the decedent. McLenahan v. McLenahan, 18 N.J. Eq. 101 (Ch. 1866); Coudert v. Coudert, 43 N.J. Eq. 407 (Ch. 1887); In re Staiger's Estate, 104 N.J. Eq. 149 (E. & A. 1929); 5 A.L.R. 499; 72 A.L.R. 713; 120 A.L.R. 579.
*71 The taxes with which we are here concerned do not constitute a personal obligation of the decedent. Bea v. Turner, supra. Therefore, they should not be the subject of exoneration in favor of the devisee out of the corpus of the personal estate.
The other arguments advanced by each of the parties need not be discussed in view of the conclusions herein reached.
The exceptions are sustained, and the executor-accountant is surcharged in the amount of $578.27, representing the total of the real estate taxes involved, for which amount the widow-devisee should reimburse the executor.
In all other respects the account is allowed as audited and reported by the surrogate, including the surrogate's fees, commissions on corpus and income, counsel fees, and fee to the guardian ad litem, as asked.