149 N.J. Super. 435 (1977)
374 A.2d 36
GEORGE ROTHMAN AND JAMES D'AGOSTINO, PLAINTIFFS-RESPONDENTS,
v.
BOROUGH OF RIVER EDGE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 29, 1977.
Decided May 5, 1977.
*437 Before Judges HALPERN, ALLCORN and BOTTER.
Mr. Melvin R. Solomon argued the cause for appellant (Messrs. Ned J. Parsekian, P.C., attorney).
Mr. Daniel Amster argued the cause for respondent (Mr. Ronald A. Rosensweig on the brief).
The opinion of the court was delivered by ALLCORN, J.A.D.
*438 Following appeals by plaintiff taxpayers of their 1968 and 1969 real estate assessments, the assessments ultimately were reduced to the sum of $671,132 for each year by judgments of the Division of Tax Appeals, entered September 8, 1971. In the interim the local assessor assessed the property for the tax years 1970 and 1971 at $842,175 and $927,000, respectively. Taxpayers appealed the 1970 and 1971 assessments on the ground that the Freeze Act (N.J.S.A. 54:2-43) applied for each of the two years and, no changes in value having occurred subsequent to October 1, 1968, the judgment of the Division fixing the assessed valuation at $671,132 for the 1969 tax year was binding upon the municipality. The municipality took the position that, because of economic factors, the value of the property had increased substantially and, consequently, the increases in assessed value were justified for each of the two years.
At a plenary hearing held by the Division on the 1970 and 1971 appeals, the taxpayers' expert testified that the values of the property as of the assessing dates were $815,400 for the year 1970 and $963,300 for the year 1971; the expert for the municipality valued the property at even higher values. Notwithstanding such testimony, in a decision dated May 2, 1974 the judge of the Division concluded that "the borough does not indicate any great change * * * that would warrant taking it out of the scope of the `Freeze Act' * * *." He thereupon determined the assessed value of the property for each of the tax years 1970 and 1971 to be the sum of $671,132  the same sum as was fixed by the Division for the tax year 1969, the controlling year.
The borough appealed from said judgments to this court which, in an unreported opinion dated June 18, 1975, reversed the judgment of the Division of Tax Appeals. At the same time this court remanded the cases to the Division "for any additional testimony the Division may deem necessary" and for findings and conclusions "concerning the extent *439 of the increase in value" of the premises, "without consideration of" the Freeze Act.
During the period the cases were pending in this court the taxpayers appealed the 1974 assessment to the Bergen County Tax Board which, after hearing, entered judgment on October 30, 1974 reducing the assessment for said year to $800,000. After the remand of the 1970 and 1971 cases to the Division, and while they were still pending there, it appears that the parties reached an accommodation as a result of which the Division on August 13, 1975 entered final judgments reducing the assessments to $800,000 for each of the years 1970 and 1971.
After the settlement and the entry of the judgments the taxpayers sought from the borough a refund of the taxes overpaid by them for the tax years 1970 and 1971. In response the borough rejected the demand on the ground that the taxpayers had underpaid their taxes for the tax years 1972 and 1973 by a sum well in excess of the overpayments to which taxpayers were entitled. In essence, the borough's position was that, for each of the years in question, the assessor erroneously assessed the property at $671,132; that in light of the agreement fixing $800,000 as the assessed value for 1970 and 1971, and the county board judgment for 1974, it could not be denied that the true value of the premises on the 1972 and 1973 assessing dates was also $800,000; that the final judgment of the Division for the 1971 tax year was binding as to 1972 and 1973 under the Freeze Act, and that the taxpayers had thus underpaid their taxes for said tax years.
The parties having failed to resolve the matter, the present action was commenced by the taxpayers to recover the overpayments; the borough counterclaimed for the purported underpayment. On cross-motions the Law Division entered summary judgment in favor of plaintiffs for the refund of the overpayments of taxes paid in 1970 and 1971, and dismissed the counterclaim on the ground that the Freeze Act had no application and because defendant *440 had not appealed to the county board the 1972 and 1973 assessments. The borough has appealed from that judgment.
In our view, the Freeze Act does apply in the circumstances present in this case. The final judgment of the Division fixing the sum of $800,000 for the tax year 1971 thereby became "conclusive and binding upon the municipal assessor and the taxing district * * * for the assessment year and for the two assessment years [1972 and 1973] succeeding the assessment year covered by the final judgment * * *." N.J.S.A. 54:2-43.
Where, as here, there was apparently a hearing on the merits before the county board on the 1974 assessment and a judgment by that board fixing the assessed value at $800,000 (from which no further appeal seems to have been pursued), a plenary hearing on the merits before the Division on the 1970 and 1971 assessments at which the experts for both sides valued the premises at values substantially in excess of $800,000, a determination (by the Appellate Division) that there had been a substantial increase in value of the premises occurring after the 1969 tax year, which rendered the freeze of the judgment for 1969 inapplicable to the years 1970 and 1971 and a remand of the matters to the Division to fix "the extent of increases in value," and ultimately an entry of final judgments in the Division fixing the assessed value for each of the years 1970 and 1971 at $800,000, following an accord among the parties in which the hearing judge of the Division seemingly participated, the final judgments of the Division for the years 1970 and 1971 constituted in full purport and effect determinations on the merits. Compare Hamilton Gardens, Inc. v. Hamilton Tp., 45 N.J. Super. 124 (App. Div. 1957); In re Strauss, 28 N.J. Super. 526 (App. Div. 1953).[1] The circumstance that the borough (or *441 the taxpayers) did not file appeals to the county board from the assessments for 1972 and 1973 does not bar application of the "Freeze Act." Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162, 167 (1954); Boy's Club of Clifton, Inc. v. Jefferson Tp., 72 N.J. 389, 405 (1977).
It is true, of course, that our determination effectively precludes the taxpayers from an administrative challenge to the amount of the assessments for 1972 and 1973 by way of appeal to the county board and the Division. Such preclusion, however, is more formal than real. Having agreed that the true value of the premises for the tax years 1970 and 1971 was $800,000, and the county board having fixed the true value of the premises for the tax year 1974 at $800,000  from which judgment the taxpayers evidently pursued no appeal  the taxpayers may not now be heard to urge that the true value of the premises was anything less than $800,000 for either of the tax years (1972 or 1973) intervening 1971 and 1974.
In the light of the foregoing and the further fact that the local assessor is admonished to assess all real property at its true value, N.J.S.A. 54:4-23; Gibraltar Corrugated Paper Co. v. North Bergen, 20 N.J. 213, 218 (1955), the borough was entitled (if not under an obligation) to adjust the real estate taxes on the premises in question for each of the tax years 1972 and 1973 based on an assessed valuation of $800,000. The plaintiff taxpayers being the same persons who owned the premises in 1970 and 1971, the borough is further entitled to set off against the amount due and owing to plaintiffs for their tax overpayments for the tax years 1970 and 1971 the amount due and owing the borough on account of the underpayments for the years 1972 and 1973. If, as appears to be the case, the *442 aggregate amount of the sums due the borough on account of underpayments exceeds the aggregate amount of the sums due plaintiffs on account of overpayments, no judgment for such excess shall be entered aginst the taxpayers personally, but said excess amount shall be and remain a lien against the premises until paid. N.J.S.A. 54:5-6; Bea v. Turner & Co., 115 N.J. Eq. 189, 192 (Ch. 1934); In re Taylor, 30 N.J. Super. 65, 69 (Cty. Ct. 1954); Bonnet v. State, 141 N.J. Super. 177, 278 (Law Div. 1976).
Accordingly, that portion of the judgment of the Law Division dismissing the counterclaim is reversed, and the cause is remanded to the Law Division with directions to amend its judgment in accordance with the views set forth in this opinion. No costs.
NOTES
[1] Indeed, we are not at all certain that a "final judgment" within the contemplation of the Freeze Act (N.J.S.A. 54:2-43) may not rest upon a settlement alone, when accompanied by the safeguards prescribed in N.J.S.A. 54:2-42, namely "the written consents or agreements of the taxpayer and the taxing district * * * concerned, or their respective attorneys, verified by qualified experts as to the facts therein alleged in support of the valuations therein consented to."