HOPKINS, J. T. C.
(temporarily assigned).
This is a motion by Seatrain Lines, Inc., to compel the Borough of Edgewater to refund local property taxes paid for the *379 years 1974 through 1978 to the extent that said tax payments exceeded that which was required pursuant to a judgment entered by this court for the tax years 1974 through 1977 and, further, by application of the Freeze Act (N.J.S.A. 54:2-43) to the tax year 1978. Edgewater has refused to make the refund on the ground that it is entitled to offset the unpaid property taxes on the same parcel for subsequent years.
The following schedule shows the taxes paid, taxes which should have been paid and refund claimed, together with interest to April 30, 1982.
Taxable Year Taxes Actually Paid Taxes Which Should Have Been Paid As Per Judgment of 12/31/81 Refund Claimed Accumulated Interest
1974 $45,517.00 $36,294.00 $ 9,223.00 0
1975 47,891.80 38,187.60 9,704.20 0
1976 49.672.90 39.607.80 10.065.10 0
1977 53.630.90 42.763.80 10.867.10 $4,235.24 at 8%
1978 51,305.63 43,079.40 8,226.23 2,547.69 at 5%
$48,085.63 6,782.93
$54,868.56
In support of the motion, Seatrain relies upon the principles expressed in Garden State Racing Ass’n v. Cherry Hill Tp., 1 N.J.Tax 569 (Tax Ct.1980), although recognizing that said case involved the right of the taxpayer to preclude the taxing district from applying a similar type refund to unpaid taxes of another property. Edgewater points out that distinction in relying upon specific language contained in Rothman v. River Edge, 149 N.J.Super. 435, 374 A.2d 36 (App.Div.1977), certif. den., 75 N.J. 19, 379 A.2d 250 (1977), which stated that the borough is entitled to set off overpayments due a taxpayer for prior years against unpaid taxes for subsequent years where property is owned by the same persons for all years.
While a literal reading of Rothman could well dispose of the case, the extensive discussion of the nature of a property tax in *380 the Garden State Racing Ass’n case as well as the discussion of a municipality’s authorized collection procedure as set out in Newark v. Central & Lafayette Realty Co., Inc., 150 NJ.Super. 18, 374 A.2d 504 (App.Div.1977), requires a more detailed analysis.
The definition of a property tax was set out in Brunner v. Morrison, 123 N.J.Eq. 224, 196 A. 716 (E. & A. 1937). That case involved an attempt by an owner to utilize a claim against a municipal officer as an offset to property tax due. The court, in denying any such right, said:
What, in the final analysis, are taxes? Our courts have uniformly held that a tax in its essential characteristics is not a debt, nor in the nature of a debt. A property tax is an exaction, an impost, levied by authority of a municipality upon property within its borders for the support of the municipality. It is neither a debt nor a contractual obligation. It is a charge upon the land in question.... [at 227, 196 A. 716]
Whether a municipality had a right to set off unpaid property taxes pursuant to then R.S. 2:27-255 was at issue in Francis Realty Co. v. Newark, 16 N.J.Misc. 328, 199 A. 912 (Cir.Ct.1938). That statute, which was the predecessor to N.J.S.A. 2A:16-8, read as follows:
Offset against judgment of taxes, etc., due municipality
Whenever any judgment is recovered in an action in any court of competent jurisdiction in this state, against any municipality by any person who is, at the time of the recovery of the judgment, indebted to such municipality upon any indebtedness of a public nature, including taxes, assessments or water rates which constitute an indebtedness, or who shall become so indebted before the satisfaction of the judgment, such municipality may apply to the court in the action for an order to reduce or extinguish the judgment, and any execution issued thereon, by offsetting and crediting against the same any such indebtedness.
The court held that the statute did not apply to real estate taxes since such taxes were not the personal indebtedness of the owner. In so doing it stated:
. .. The statute, therefore, is hardly applicable when it refers to a judgment recovered by the taxpayer; but regardless of this the statute is inapplicable and does not give a right of set-off in a case of this character because it authorizes the set-off of the judgment where the taxpayer “is indebted to the municipality for taxes, assessments, water rates, or other indebtedness of a public nature.” A tax against real estate is not a debt of the owner; it is not founded on a contract express or implied but is an imposition against the property and no personal liability attaches, [at 329,199 A. 912; citations omitted]
*381 In Binder Realty Corp. v. Newark, 19 N.J.Misc. 624, 22 A.2d 359 (Sup.Ct.1941), the Francis Realty Co. principles were followed in directing a pro-rata refund of taxes to a taxpayer-owner for the taxes it paid while owning the property. In Manhattan Life Ins. Co. v. Jersey City, 22 N.J.Misc. 66, 35 A.2d 628 (D.Ct.1943), the court approved the right of Jersey City to retain a fourth quarter tax payment by a new owner against the claim of the owner for the first three quarters of the same tax year. In distinguishing its case from the Binder case, the court stated:
. .. This case is distinguishable from the situation presented in the case of Binder v. City of Newark, 19 N.J.Mis.R. 624; 22 Atl.Rep. (2d) 359. In the latter case, the City of Newark had credited the refund to the ensuing year’s taxes, no taxes remaining unpaid for the year in which the taxes were reduced. The City of Newark, therefore was unjustly enriched over and above the readjusted taxes which had already been paid and the court allowed the plaintiff to recover a judgment for his pro rata share commensurate with the length of time he owned the premises during such year. This is not so, in this case. The City of Jersey City, by reason of the refund was not unjustly enriched beyond the readjusted taxes for the year. Furthermore, the plaintiff in this case, made voluntary payments on account of the 1940 taxes. Voluntary payment of taxes, based on a legal assessment, is made at the risk of the payor to the extent of the readjusted taxes for such year, [at 68, 35 A.2d 628; citations omitted]
There is, however, language in the Manhattan Life Ins. case relative to N.J.S.A. 54:4-8.2 which needs explanation. N.J. S.A. 54:4-8.2 reads as follows:
Credit, against taxes due or become due, for refund on reduction of assessment.
If any taxpayer shall have paid the taxes upon any assessment of property under the provisions of chapter four of Title 54 of the Revised Statutes and shall, upon appeal, have obtained a judgment of the county board of taxation granting a reduction in the said assessment from which neither the taxpayer nor the municipality shall have duly appealed, or shall have obtained a judgment of the State Board of Tax Appeals granting a reduction in such assesssment or confirming a reduction granted by the county board or any part thereof, such taxpayer may claim and the collector of taxes of the municipality shall allow a credit, in an amount equal to the appropriate refund incident to such reduction of said assessment, against any taxes then due or to become due on such property; provided, such property is at that time assessed against the same owner as it was at the time the appealed assessment was made. If said assessment shall be further litigated the taxes found to be due as a result of such litigation, either by way of increase or reduction, shall be adjusted in like manner. L.1940, c. 229, p. 901, § 1.
In commenting on the statute, the court in Manhattan Life Ins. stated as follows:
*382 The statutory provision of N.J.S.A. 54:4-8.2 merely extends the right, in the taxing authority to credit any refund due to a tax reduction granted by virtue of an appeal, on any unpaid taxes due or to become due thereon, in the ensuing years, provided there has been no change of ownership in the interim and consequently does not affect the situation sub judice. [at 68-69, 35 A.2d 628]
In order that the above language be put in proper perspective, the statute clearly gives the right to the taxpayer and the duty to the tax collector, if the taxpayer elects, to allow the credit against unpaid taxes. The Sponsor’s Statement to the legislation, which became law in 1940, shows the legislative objective, as follows:
This bill provides that where judgment in appeal of assessments on property has been granted by the State Board of Tax Appeals, the taxpayer may claim credit and deduct from the next payment of taxes on such property the appropriate amount represented by the reduction granted. Some municipalities have refused to allow such reductions claiming that there was no appropriation therefor, but the taxpayer under such circumstances would still be subject to the penalty for unpaid taxes and would have no other relief excepting in an expensive suit for recovery.
The court distinguished N.J.S.A. 54:4-8.2 on the ground that it applied to ensuing years provided there was no change of ownership, a fact that was present in that case. Accordingly, its statement that it gave a “right” to the municipality must be construed in the light of the statute itself and the supporting statement to show that what was intended was a “right” to the taxpayer and a statutory direction to the tax collector to comply with the taxpayer’s right.
The principles expressed in Francis Realty Co. remained undisturbed until the opinion of Rothman v. River Edge, supra. Indeed, when N.J.S.A. 2A:16-8 was proposed as the successor, without material change, to R.S. 2:27-255, the Note of Reporter stated:
The suggested amendment more definitely indicates how to secure the set-off and also allows for a partial credit.
Attention is called to Francis Realty v. Newark, 16 N.J.M. 328 [199 A. 912], No attempt has been made to cover the situation disclosed in that case.
N.J.S.A. 2A:16-8 became effective on January 1, 1952.
Rothman, supra, held that intervening assessments for 1972 and 1973 should be raised to the $800,000 assessment figure agreed upon for 1970 and 1971, which was also the same *383 assessment figure found for 1974 by the Division of Tax Appeals. In this respect it held the Freeze Act (N.J.S.A. 54:2 — 13) could be applied in favor of the municipality. Further, in discussing the rights of the parties to any tax refunds or overpayments, the court stated:
. .. The plaintiff taxpayers being the same persons who owned the premises in 1970 and 1971, the borough is further entitled to set off against the amount due and owing to plaintiffs for their tax overpayments for the tax years 1970 and 1971 the amount due and owing the borough on account of the underpayments for the years 1972 and 1973. If, as appears to be the case, the aggregate amount of the sums due the borough on account of underpayments exceeds the aggregate amount of the sums due plaintiffs on account of overpayments, no judgment for such excess shall be entered against the taxpayers personally, but said excess amount shall be and remain a lien against the premises until paid. N.J.S.A. 54:5-6; Bea v. Turner & Co., 115 N.J.Eq. 189, 192 [169 A. 832] (Ch.1934); In re Taylor, 30 N.J.Super. 65, 69 [103 A.2d 268] (Cty.Ct.1954); Bonnet v. State, 141 NJ.Super. 177, 278 [357 AM 772] (Law Div.1976). [149 NJ.Super. at 441-142, 374 A.2d 36]
While the above quotation explicitly recognized that the borough’s claim for taxes was not a personal indebtedness of the taxpayer, it still authorized the borough to offset the unpaid taxes against refunds for other years. A literal reading would seemingly require a finding that the Francis Realty Co. holding had been reversed even though neither it nor those principles were discussed.
The Rothman case was decided on May 5,1977. The next day, on May 6, 1977, the case of Newark v. Central & Lafayette Realty Co., Inc., supra, was decided by a different panel. Plaintiff herein claims that the Newark case is inconsistent with Rothman and that this court may choose to not follow Rothman.
The Newark case considered the right of a municipality to collect unpaid property taxes from a fund payable by an insurance company when the building on the tax lot was gutted by fire. Consistent with the holding in Rothman, the court held that a tax on real estate is simply a lien against the real estate and not a personal obligation of the taxpayer. However, in holding that Newark could not prevail, it cited, with approval, Murphy v. Jos. Hollander, Inc., 131 N.J.L. 165, 34 A.2d 780 (Sup.Ct.1943), which read as follows:
*384 ... a tax is not a “debt” in the strictly technical sense, and therefore an action in debt will not lie for its recovery....
Where the legislature has provided a special method for the collection of taxes, such is ordinarily an exclusive procedure, and remedies based upon general legal rules may not be invoked. The maxim “expressio unius est exclusio alterius," governs in the absence of provision otherwise, express or fairly to be implied. Freeholders of Atlantic v. Weymouth [68 N.J.L. 652, 54 A. 458], supra; Baker v. East Orange, 95 N.J.L. 365 [111 A. 681], affirmed, 96 [N.J.L. 267, 114 A. 926], Yet, where the statutory means of collection have been exhausted, resort to other measures to enforce payment of the tax, and thus to obviate a failure of justice, have been deemed legally justifiable; and the tax is considered a “debt” in the sense of an obligation or liability for which a creditors bill will lie... . [at 170-171, 34 A.2d 780]
The court, in Newark, went on to state:
The Legislature has provided specific statutory means by which Newark can collect its delinquent taxes, i.e., the Tax Sale Law (N.J.S.A. 54:5-1 et seq.), and the supplementary In Rem Tax Foreclosure Act (N.J.S.A. 54:5-104.29 et seq.). Since Newark has concededly not begun to avail itself of the statutory means to enforce collection, much less exhausted them, we are of the view that the trial judge erred in expanding the manner in which real estate taxes could be collected. [150 N.J.Super. at 21, 374 A.2d 504]
In Garden State Racing Ass’n v. Cherry Hill Tp., supra, the court found it unnecessary to consider the conflict between Rothman and the Francis Realty and Binder Realty cases since Garden State involved separate properties.
The aforesaid history of the municipalities’ right of setoff for unpaid taxes shows that it was consistently denied, unless it involved the same year, prior to Rothman. Reading Rothman, it is clear that the basic issue involved was whether the municipality could, as a defense to an admitted overpayment of tax on the same property for certain years, claim that the property was underassessed for other years and increase the assessment so as to offset the refund due. The issue, basically, was the right to increase the assessments for 1972 and 1973. While the right of offset was discussed, it is believed that the language used was inadvertent, since it was not supported by any authority and it was immediately followed by holding that no judgment could be entered personally against the taxpayers but the unpaid taxes were a lien against the premises. On the other hand, the Newark case fully established, by precedent and reasoning, that where the Legislature has provided a special method for the *385 collection of taxes, such is ordinarily an exclusive procedure, and remedies based on general legal rules will not be invoked.
I conclude that the language in Rothman was inadvertent in view of the main issue involved. This position is supported by that court’s statement that the unpaid taxes could not result in a judgment against the taxpayers but shall be a lien against the premises. [149 NJ.Super. at 442, 374 A.2d 36]. Where a trial court is faced with two conflicting appellate opinions, it is obliged to follow the later pronouncement. Robinson v. Hallberg, 107 N.J.Super. 290, 294, 258 A.2d 142 (Ch.Div.1969) aff’d o.b., 110 N.J.Super. 364, 265 A.2d 705 (App.Div.1970). Further, the court in In re Gardiner’s Petition, 67 N.J.Super. 435, 170 A. 2d 820 (App.Div.1961), said at 446, 170 A.2d 820, “We are perforce required to follow the more recent, and clearly the more soundly conceived, of the two decisions.
The Newark case was decided later than the Rothman case, albeit by only one day. However, it did contain a detailed discussion of a municipality’s power to collect property taxes. Rothman, on the other hand, in discussing the municipality’s right of offset, did it in the context of a larger issue and without any discussion. Accordingly, I conclude that I am permitted to rely upon the reasoning of the Newark case in deciding this case.
The Legislature has provided the municipality with the procedure whereby it can collect unpaid property taxes. There has been no showing that this procedure was followed by defendant. Accordingly, in accordance with those principles expressed in Newark v. Central & Lafayette Realty Co., Inc., supra, as well as in Francis Realty Co. v. Newark, and Binder Realty Corp. v. Newark, both supra, it would be improper to expand such procedures to include the right of offset.
A judgment will be entered directing defendant to refund overpaid taxes for the years 1974 through 1978, together with statutory interest, without right of offset for unpaid taxes for subsequent years.