144 N.J. Super. 259 (1976)
365 A.2d 220
RAYMOND L. GIRARD AND LEONARD VAN DALEN, PLAINTIFFS-APPELLANTS,
v.
JOSE A. ALVEREZ, JOSEPH P. MASSARI, PAUL A. ANSALDO, HERBERT H. ANDERSON, JR., MORRIS GOLDSTEIN, MAJOR WAYMAN OLIPHANT, JOHN SAUNDERS, THOMAS E. CAMPBELL, ARTHUR J. HUELSTER, RONALD M. LONERO, LARRY MURPHY, GEORGE T. MEHOLICK, RICHARD A. ALAIMO, ROBERT F. ROGERS, LOUIS A. GLASS, JOHN W. TRIMBLE, ESQ., WILLIAM H. FESSLER, THOMAS R. MURRAY, KENDREE & SHEPHERD, LOUIS A. GLASS ASSOCIATES, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 21, 1976.
Decided October 5, 1976.
*261 Before Judges LORA, CRANE and MICHELS.
Ms. Barbara Lanza Farley, attorney for appellants.
Messrs. Hartman, Schlesinger, Schlosser & Faxon, attorneys for respondents Jose A. Alvarez et al. (Mr. Alfred A. Faxon, III, of counsel and on the brief).
Messrs. Rogers & Smith, attorney for respondent Robert F. Rogers (Mr. Kenneth E. Smith, of counsel and on the brief).
PER CURIAM.
Plaintiffs brought a damage suit against the mayor of the Township of Mount Laurel, the deputy mayor, members of the township council and the township attorney, and against members of the township planning board, its engineer, attorney and planning consultants, alleging failure of defendants to act on plaintiffs' application for rezoning of their property. The trial court held that defendants were immune from liability under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., and dismissed the complaint on the ground that it failed to state a claim against defendants upon which relief could be granted. Plaintiffs appeal.
Preliminarily, we note that the order dismissing plaintiffs' complaint is not a final judgment. The order is not final as to all issues and to all parties since the issues raised by the counterclaim filed by defendant Robert F. Rogers, attorney for the planning board, still remain for *262 determination by the trial court. See Hudson v. Hudson, 36 N.J. 549, 553 (1962); Petersen v. Falzarano, 6 N.J. 447, 453 (1951). The order was interlocutory, and plaintiffs had no right to appeal therefrom without leave of this court. Frantzen v. Howard, 132 N.J. Super. 226, 227 (App. Div. 1975). However, at this late stage and in the interest of prompt disposition of the matter, the necessary leave to appeal is hereby granted nunc pro tunc. See Yuhas v. Mudge, 129 N.J. Super. 207, 209 (App. Div. 1974). Cf. Rendon v. Kassimis, 140 N.J. Super. 395, 399 (App. Div. 1976).
The judgment of the Law Division is affirmed substantially for the reasons expressed by Judge Van Sciver in his oral opinion of October 17, 1975. It is clear that the process of effecting a change in zoning is legislative in nature. Wollen v. Fort Lee, 27 N.J. 408, 422 (1958); Veling v. Ramsey, 94 N.J. Super. 459, 461 (App. Div. 1967); Smith v. Livingston Tp., 106 N.J. Super. 444, 454 (Ch. Div. 1969), aff'd o.b. 54 N.J. 525 (1969); Morton v. Clark Tp. Mayor & Council, 102 N.J. Super. 84, 90 (Law Div. 1968), aff'd o.b. 108 N.J. Super. 74 (1969). Thus, under the express grant of immunity set forth in N.J.S.A. 59:3-2(b), which provides:
A public employee is not liable for legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature;
defendants cannot be held liable for any damages that plaintiffs allege to have sustained by the failure of defendants to act upon their application for a change in the zoning law.
Even assuming that the township attorney and the attorney, engineer and consultants to the planning board are independent contractors (see N.J.S.A. 59:1-3)  and there is no such allegation in the complaint  nevertheless, we are of the view that these defendants could not be held liable for the failure of the township council to rezone plaintiffs' property. The exclusive power to amend a zoning ordinance is reposed in the governing body of the municipality *263 by the Zoning Act. N.J.S.A. 40:55-30 et seq. (see N.J.S.A. 40:55D-62 which became effective August 1, 1976.) The Zoning Act is specific and detailed as to the manner in which zoning ordinances may be amended, requiring change by ordinance after consideration by the planning board. N.J.S.A. 40:55-35 (see N.J.S.A. 40:55D-62, 63 and 64); see Smith v. Livingston Tp., supra at 457. The power to amend a zoning ordinance is not granted to the attorneys, engineers, or planning consultants of either the governing body of a municipality or its planning board. Consequently, these defendants could not amend the zoning ordinance and are not liable for the failure of the township council to rezone plaintiffs' property.
Affirmed.