193 N.J. Super. 481 (1984)
475 A.2d 55
THOMAS J. O'NEILL, TRUSTEE IN BANKRUPTCY FOR WASHINGTON TOWNSHIP RACQUET CLUB, INC., PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF WASHINGTON, DEFENDANT-APPELLANT,
v.
ATTORNEY GENERAL OF NEW JERSEY, INTERVENOR-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 21, 1983.
Decided February 22, 1984.
*483 Before Judges FRITZ, FURMAN and DEIGHAN.
Peter V. Koenig argued the cause for appellant Township of Washington (Wurtzel & Poller, attorneys; Kenneth G. Poller, on the brief).
Jonathan N. Harris argued the cause for respondent Thomas J. O'Neill, Trustee in Bankruptcy for Washington Township Racquet Club, Inc. (Andora, Palmisano, DeCotiis & Harris, *484 attorneys; Jonathan N. Harris and Robert J. Romano, Jr., on the brief).
Harry Haushalter, Deputy Attorney General argued the cause for intervenor-respondent Attorney General of New Jersey (Irwin I. Kimmelman, Attorney General of New Jersey; James J. Ciancia, Assistant Attorney General, of counsel; Harry Haushalter, on the brief).
DEIGHAN, J.A.D.
This is an appeal from O'Neill v. Washington Tp., 188 N.J. Super. 565 (Law Div. 1983). The lower court held that a municipality may not set off a refund of real estate taxes against taxes due for subsequent years on the same property. The question has generated conflicting opinions in our courts. See cases cited O'Neill, supra, 188 N.J. Super. at 570.
In Seatrain Lines v. Edgewater, 4 N.J. Tax 378 (Tax Ct. 1982), aff'd 192 N.J. Super. 535 (App.Div. 1983), rev'd 94 N.J. 548 (1983), cited in O'Neill, we affirmed the Tax Court in precluding the set off. In the interim period, between the decision in this court and the decision on appeal to the Supreme Court, in response to those decisions which denied the municipalities the right to set off unpaid real estate property taxes against tax refunds for overpayments in prior years, the Legislature enacted L. 1983, c. 137. The summary reversal by the Supreme Court in Seatrain cited L. 1983, c. 137 and was without opposition by the taxpayer.
On this appeal the Township of Washington (Township) urges that the judgment of the trial court be reversed because: (1) plaintiff's action was not brought within time; (2) the Township acted properly in offsetting the refund against taxes due on the same property; (3) plaintiff is equitably estopped from pursuing this action; (4) plaintiff waived the issue of bankruptcy and (5) federal bankruptcy law did not prevent the Township's set off. While not articulated as a separate issue, the Township also relies upon L. 1983, c. 137.
*485 Plaintiff asserts that the statute is either inapplicable to the present case or is unconstitutional (a) if applied retrospectively or (b) if applied to him as a trustee in bankruptcy under the Bankruptcy Code. Therefore our initial concern is the applicability of this statute to the facts of this case.
Essentially, L. 1983, c. 137 amends and supplements N.J.S.A. 54:3-27.2 to authorize any municipal governing body to set off a refund of real estate property taxes, to which a property owner is entitled pursuant to a county tax board determination or a judgment of the Tax Court, against delinquent taxes owed on the same property. The sponsor's statement recognizes that "the courts of this State have generally held that this type of setoff may not be effectuated without specific statutory authority...."
Section 4 of the act provides:
This amendatory and supplementary act shall apply to:
(a) any action initiated on or after the effective date of this amendatory and supplementary act;
(b) any action pending before a county board of taxation or the tax court on or after that date; and
(c) any appeal of a determination of a county tax board or a judgment of the tax court, which appeal is pending before any court of this State on or after that date.
Section 5 of L. 1983, c. 137 provides that the act is to take effect immediately, having been enacted on April 14, 1983.
This action was commenced on May 5, 1982, nearly a year before the effective date of the act. Obviously subsection (a) does not apply. Subsection (b) does not apply since this is not an action pending before a county board of taxation or the tax court. Neither is this an action within the contemplation of subsection (c) since it is not an appeal of a determination of the county board or a judgment of the tax court. The consent judgment of settlement was entered by the Tax Court on March 11, 1981, more than two years before the effective date of the amendatory act. Seatrain, supra, was an appeal from a judgment of the Tax Court and therefore L. 1983, c. 137 was applicable *486 by virtue of section 4(c) of the act. We hold that L. 1983, c. 137 does not apply to the present case. Therefore, we need not consider the constitutional issue raised by the trustee.
As to the relaxation of the 45-day period within which an action in lieu of prerogative writs is required to be filed, R. 4:69-6(c), we agree with the trial judge on the enlargement of the time as permitted by R. 4:69-6(c) for reasons set forth in his opinion. O'Neill, supra, 188 N.J. Super. at 568-570.
Further, we do not deem this matter properly designated as an action in lieu of prerogative writs. A complaint in lieu of prerogative writs is a substitute form of action which adheres to the basic principles of the formal writ it replaces. Caldwell v. Lambrou, 161 N.J. Super. 284 (Law Div. 1978). Essentially, a writ of certiorari sanctioned a review of judicial, administrative agency, municipal or other proceedings. McKenna v. New Jersey Highway Auth., 19 N.J. 270, 274-275 (1955). But certiorari is "not available where there exist(s) another adequate remedy." Ippolito v. Mayor of Hoboken, 60 N.J. Super. 477, 488 (App.Div. 1960). Here, plaintiff, utilizing "another adequate remedy" seeks a money judgment in the amount of $9,493.10. In our view this is an action for damages and not an action in lieu of prerogative writs. The following from Ippolito is applicable here:
The relief demanded by plaintiffs ... is not characteristically of the kind obtainable by prerogative writs prior to 1948 and is therefore not within the purview of a present day action in lieu of prerogative writs. It is peculiarly the subject of an ordinary action in the Law Division for damages. [Id. at 488-489].
Under the circumstances of this case, on the underlying substantive issue we agree with Judge Evers in his written opinion that the Township may not set off refunds owed to the taxpayer for prior years against delinquent taxes for subsequent years on the same property on the basis of the authorities cited in his opinion, O'Neill, supra, 188 N.J. Super. at 570. Of course this view has now been pre-empted by L. 1983, c. 137.
*487 Although not dealt with by the trial court, the Township asserts that plaintiff is equitably estopped from bringing this action. Equitable estoppel has been defined as the effect of the voluntary conduct of a party whereby he is absolutely precluded both at law and at equity, from asserting rights which might perhaps otherwise have existed as against another person who has in good faith relied upon such conduct and has been led thereby to change his position for the worse. Carlsen v. Masters, Mates & Pilots Pension Plan Trust, 80 N.J. 334, 339 (1979).
The Township states that Bergen State Bank, after it foreclosed its mortgage, sold the property concerned to a third party. At the time of the sale on June 12, 1981 the Township informs us that it collected the taxes in the reduced amount after giving credit for the tax refund which it set off by the resolution adopted March 25, 1981. O'Neill, supra, 188 N.J. Super. at 567. It contends that, to its detriment, it relied on the validity of the tax set off and that it has been prejudiced by plaintiff's delay in instituting the present action. It relies on Robbins v. Jersey City, 23 N.J. 229 (1957), for the proposition that reliance was placed on nonaction by plaintiff who now brings this belated challenge.
From our review of the record, we note that there are no certifications or documents to support the Township's claim that it reduced the amount due it from the foreclosure sale by the amount of the tax refund due the plaintiff. There are no documents evidencing any transaction between the Township and Bergen State Bank. The only allusions to the transaction involving the Bergen State Bank foreclosure are contained in the pleadings.
Under the facts in the record here, the Township did not rely upon any conduct of plaintiff and has not been led to change its position by any conduct of or inaction by plaintiff. There is no unreasonable delay by plaintiff in instituting suit for funds rightly due under the prior judgment. Hill Dredging Corp. v. *488 Risley, 18 N.J. 501, 537 (1955). Application was made on March 23, 1981 for the tax refund monies due to plaintiff under the consent judgment entered in the Tax Court. The Township on March 25, 1981 adopted the resolution directing the municipal treasurer to prepare a check for the refund payable to the Township of Washington Tax Collector to apply to the amount of past due taxes. The period of time between the resolution appropriating the tax refund and the collection of the tax with the reduction, June 12, 1981, was slightly more than a ten-week period of time within which the Township, in effect, asserts that plaintiff should have acted. The Township, of its own violation, improperly applied the refund to delinquent taxes instead of making a refund to plaintiff. The Township has been impaled on its own improper unilateral action.
Inasmuch as we agree with the court below that the Township may not set off the tax refund for the years 1978 and 1979 against the remaining taxes due for 1979 and 1980, we deem it unnecessary to discuss the applicability vel non of the Bankruptcy Code and the waiver thereof as contended by the Township. See O'Neill, supra, 188 N.J. Super. at 571-573.
Affirmed.