LARIO, J.T.C.
Defendant, Director, Division of Taxation, has moved for summary judgment dismissing plaintiff’s complaint appealing the determination of the Director that plaintiff was not entitled to an abatement of interest and penalties imposed upon plaintiff by the Director. Defendant’s motion is predicated upon its claim that the complaint, which was filed on August 17, 1990, was filed more than 90 days after the date which it alleges that its final determination was issued, to wit: April 12, 1990, and therefore, clearly beyond the 90-day statutory filing requirement of N.J.S.A. 54:10A-19.2, N.J.S.A. 54:51A-14(a), and R. 8:4-l(b).
Plaintiff responds that there had been prior communications between plaintiff's attorney and the Division of Taxation’s representatives relative to the issues presented herein and that the Director’s final determination letter was sent not to the attorney but directly to plaintiff’s treasurer. Plaintiff asserts that the treasurer assumed by reason of the attorney’s prior *21 communication that the attorney also received notice, whereas the attorney did not receive actual notice of the final determination until shortly before he filed the complaint. Therefore, according to plaintiff, the Director is estopped from alleging plaintiff’s complaint is out of time.
Equitable estoppel has been defined as the effect of the voluntary conduct of a party whereby he is absolutely precluded both at law and at equity from asserting rights which might perhaps otherwise have existed as against another person who has in good faith relied upon such conduct and has been led thereby to change his position for the worse. [O’Neill v. Washington Tp., 193 N.J.Super. 481, 487, 475 A.2d 55 (App.Div.1984)]
The doctrine is founded on “justice and good conscience” and requires that “one shall not be permitted to repudiate an act done or position assumed where that course would work injustice to another who, having right to do so, had relied thereon.” Mattia v. Northern Ins. Co. of N. Y., 35 N.J.Super. 503, 510, 114 A.2d 582 (App.Div.1955).
The communications which have been filed with the motion pleadings establish that both plaintiff-corporation’s treasurer and plaintiff’s attorney communicated with the Division. The letterheads of the communications from the treasurer and the attorney were identical, to wit: “Wheaton Industries, Millville, New Jersey 08332.” In February 1990, two letters from Wheaton Industries were forwarded to the Division. Both were addressed to Dennis M. McCabe, conferee, conference branch, Division of Taxation and had a reference to Wheaton Industries’ ID number and to “case # 4.” The first was the attorney’s letter dated February 15, 1990 and the second was the treasurer’s letter dated February 16, 1990. On March 8, 1990, McCabe responded to both letters by a single communication addressed to Wheaton Industries, to the attention of the attorney, advising that the attorney’s position as set forth in his letter of February 15 appeared to be inconsistent with that of the treasurer as set forth in the latter’s letter of February 16. In response thereto, the attorney, by letter dated March 28, 1990, again on the identical stationery of Wheaton Industries, advised McCabe, “there was some miscommunication between Mr. Replogle [the treasurer] and myself. Please consider Mr. *22 Replogle’s note to be a final and authoritative disposition in this matter.” The letter was signed: “Wheaton Industries, Laurence J. DiStefano, Jr., Associate Counsel.”
“Mr. Replogle’s note” referred to the treasurer’s letter of February 16 wherein he enclosed plaintiff’s check in payment of the Division’s assessment against plaintiff with a request that the Division abate all interest and penalties charged in excess of the minimum amount required by law.
On April 12, 1990, McCabe responded to the treasurer’s request for abatement by a letter addressed to Wheaton Industries, to the attention of Mr. Replogle, treasurer, wherein he advised that the Division was unable to comply with the treasurer’s February 16 request for abatement. He set forth the balance claimed due; and, additionally he stated:
This is our final determination based on the information now before us.
In the event you are not in accord with this determination you have 90 days from the date of this letter to appeal before the Tax Court of New Jersey in accordance with the provisions of N.J.S.A. 54:51A-13 et seq.
I find that the attorney’s letter of March 25, 1990 explicitly authorized McCabe to communicate directly with the corporation’s treasurer and that it was reasonable for McCabe to have so concluded. This finding is supported by the fact that both representatives of plaintiff utilized the same letterhead and Post Office address. Nowhere is there any indication that the attorney had an address other than the corporation’s. I further find there is nothing contained in the Division’s April 12 letter from which the treasurer could reasonably infer, as alleged by the attorney, that his company’s attorney was also notified of the determination, thereby lulling him from notifying the attorney. The letter did not state nor indicate that a copy was forwarded to the attorney. If there was a lack of communication between the treasurer and the attorney, it was not caused by the Division of Taxation, or any of its representatives. I find that there was no improper or unethical conduct by the Division in its communications with plaintiff, therefore, the *23 requisites necessary to invoke equitable estoppel do not exist. Kearney v. Taxation Div. Director, 11 N.J.Tax 232, 236 (Tax Ct.1990).
N.J.S.A. 54:49-6 directs that, after audit and examination, if the Director determines there exists a tax deficiency, he is to “give notice of such assessment to the taxpayer____” Emphasis supplied. I find that the Division’s April 12, 1990 notice of its final determination addressed to plaintiff-corporation and directed to the treasurer was properly addressed and constituted proper notice to the taxpayer, in accordance with N.J.S.A. 54:49-6, of the Division’s final determination. Since the complaint was filed on August 17, 1990, which is more than 90 days after the action sought to be reviewed, this court lacks jurisdiction. Vicoa, Inc. v. Director, Div. of Taxation, 166 N.J.Super. 496, 400 A.2d 105 (App.Div.1979).
Defendant’s motion is granted; the Clerk of the Tax Court is directed to issue summary judgment dismissing plaintiff’s complaint.