272 N.J. Super. 319 (1994)
639 A.2d 1141
NEELTHAK DEVELOPMENT CORPORATION, A NEW JERSEY CORPORATION, AND BLACKACRE DEVELOPMENT CORPORATION, A NEW JERSEY CORPORATION, PLAINTIFFS-APPELLANTS,
v.
TOWNSHIP OF GLOUCESTER, AND RICHARD A. ALAIMO ASSOCIATION OF ENGINEERS, DEFENDANTS-RESPONDENTS, AND DELORES FINI, DIRECTOR OF COMMUNITY DEVELOPMENT, OR HER SUCCESSOR, JAMES D. TRAVER, ANN A. MULLEN, NICHOLAS F. TRABOSH, DAVID F. CARLAMERE, GABRIEL G. BUSA, ELIZABETH M. DOUGHERTY, GEORGE T. HUMES, JOHN M. MCGINNIS, SAMUEL M. SILER, MAYOR AND COUNCIL OF THE TOWNSHIP OF GLOUCESTER, AND DAVID BOWERS, TOWNSHIP OF GLOUCESTER CODE ENFORCEMENT OFFICIAL, OR HIS SUCCESSOR, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 13, 1993.
Decided April 15, 1994.
*321 Before Judges SKILLMAN, KESTIN and WEFING.
John M. Belko argued the cause for appellants (Matteo, Cuneo & Belko, attorneys; Mr. Belko, on the brief).
Glen-David Schwarzschild argued the cause for respondent Richard A. Alaimo Association of Engineers (Katz, Ettin, Levine & Kurzweil, attorneys; Mr. Schwarzschild, on the brief).
Joseph J. Slachetka argued the cause for respondent Township of Gloucester (Higgins, Slachetka & Long, attorneys; Mr. Slachetka, on the brief).
The opinion of the court was delivered by KESTIN, J.A.D.
*322 Plaintiffs appeal from the trial court's grant of summary judgment to defendant Richard A. Alaimo Association of Engineers (Alaimo) dismissing plaintiffs' tort claim for monetary damages. They also appeal from the trial court's grant of summary judgment to the Township of Gloucester (Township) dismissing plaintiffs' cause of action for determinations of the reasonableness of fees charged for application review and inspection services and of whether any portion of $17,000 claimed to be due by the Township for such purposes is actually due and owing. In the latter connection, plaintiffs sought an adjustment of fees improperly charged and now seek a reversal of that portion of the trial court's order for summary judgment which permitted disbursement to the Township of $4,801.51 held in escrow for the payment of engineering services. Plaintiffs also sought injunctive relief, inter alia, protecting them from any additional demands by the Township for fees resulting from services rendered by Alaimo. No appeal is taken from the trial court's dismissal of the complaint against other parties or for other causes of action.
Between 1987 and 1992, Alaimo was retained to provide engineering services to the Township's planning board. Alaimo was responsible for reviewing and reporting on applications for development; reviewing and signing final development plans and file plats; field service representation during construction of subdivision and site plant improvements to verify compliance with approved plans and legal requirements; preparation and submission of bond estimates and reduction reports; and performing inspections and making recommendations regarding permit compliance and the issuance of certificates of occupancy. Alaimo was to be paid for these services on an hourly basis established in its contract with the Township.
Pursuant to ordinance, the engineering fees were to be passed through for payment by applicants. Upon submission of an application, a specified fee varying with the type of approval sought was to be paid into an escrow account. After final approval *323 of an application for development, the applicant was required to pay an additional 6% of the estimated cost of improvement into the escrow account to cover professional expenses incurred in processing, reviewing, and inspecting the project and its improvements.
After its services were performed, Alaimo, in order to be paid, was required to submit a sworn voucher detailing the services rendered. Once approved, payment would be made to Alaimo and the amount would be deducted from the applicant's escrow account. If an escrow account became depleted, the applicant would be required to make additional deposits.
Plaintiff Blackacre was involved in this process beginning in 1987 as the owner of a tract known as the Wye Oak parcel, which was being developed in eleven sections. Plaintiff Neelthak was involved as successor in title to Blackacre in the development of sections nine, ten and eleven. Sections one through eight were developed by other entities to which Blackacre had conveyed title. Initially, the Township maintained a single escrow account for the entire tract, but after repeated requests by plaintiffs, the Township in 1989 established separate escrow accounts based upon section number, type of review, and property owner. Plaintiffs alleged, based upon their own records and limited access they had to Alaimo's computer records, that they had been charged improperly for engineering services. Among the improprieties asserted were that Blackacre continued to be billed for engineering services to sections long after they had been conveyed to others, that Neelthak was billed for engineering services to sections other than those which it was developing, and that Alaimo had engaged in wrongful, negligent or fraudulent billing practices.
It is undisputed that, although plaintiffs complained informally of the alleged improprieties throughout their application review processes and the development of the properties they owned, they made no effort to institute formal review on the municipal level. Plaintiffs contended that no formal procedure existed on the municipal level for an owner or developer to challenge the accuracy *324 or propriety of a charge to an escrow account or to obtain backup documentation. Alaimo contended that such a procedure existed, but provided no verification thereof.
In dismissing plaintiffs' claims against the Township, the trial court held that they were untimely, i.e., that they had not been filed within the forty-five day period required by R. 4:69-6 for actions in lieu of prerogative writs in respect of municipal determinations. This ruling was unquestionably correct for those portions of plaintiffs' complaints that may have sought prerogative writs type review. Those portions of the complaints that sought to vindicate plaintiffs' rights concerning pass-through charges for engineering services, however, were aspects of plaintiffs' claims that were wholly outside the scope of the traditional prerogative writ of certiorari, the mechanism for seeking a review of municipal proceedings in the nature of governmental action. O'Neill v. Township of Washington, 193 N.J. Super. 481, 486, 475 A.2d 55 (App.Div. 1984). Instead of instituting an action in lieu of certiorari or any other prerogative writ, plaintiffs were obliged to avail themselves of other adequate remedies to vindicate their interests in the correctness of charges for engineering fees, receiving proper credits, and avoiding future incorrect billings. Ibid.; see also Ippolito v. Mayor of Hoboken, 60 N.J. Super. 477, 488-89, 159 A.2d 425 (App.Div. 1960). Since plaintiffs could not properly have filed a proceeding in lieu of prerogative writs to achieve that relief and had been careful to assert non-prerogative writs causes of action in addition, it follows that their entire suit cannot be precluded by the time limitation of R. 4:69-6; and the trial court should not have dismissed their non-prerogative writs claims against the Township on that basis.
Plaintiffs conceded in the trial court that they could not prevail as third party beneficiaries of the Township's contract with Alaimo. Instead they have focused on a tort theory, i.e., that Alaimo breached a duty of care owed to plaintiffs, citing Bacak v. Hogya, 4 N.J. 417, 422-23, 73 A.2d 167 (1950), as authority for the proposition that

*325 an independent contractor is liable to a third person injured as a result of the negligence of the independent contractor or his servants in the performance of his work for the contractee in an action based in tort, although such third person could not base his action upon the contract to which he was not a party.
In the light of our holding that plaintiffs' interests may be wholly vindicated in their cause of action against the Township, we find it unnecessary to determine whether this principle of ordinary negligence law should be imported into situations involving a public entity in which the independent contractor has not engaged in conduct resulting in personal injury or property damage but rather has allegedly breached the duty of good faith compliance owed by contracting parties to each other with a resulting monetary cost to a third party who is in a position to recover against the contractee. It is inadvisable to create new causes of action in tort in advance of any necessity for doing so in order to achieve a just result. Mauro v. Owens-Corning Fiberglas Corp., 225 N.J. Super. 196, 201-02, 542 A.2d 16 (App.Div. 1988), aff'd sub nom. Mauro v. Raymark Indus., Inc., 116 N.J. 126, 561 A.2d 257 (1989); cf. Ayers v. Township of Jackson, 106 N.J. 557, 598-99, 525 A.2d 287 (1987). Where existing concepts of law provide the claimant with the potential for full recovery in a pending proceeding, no such need exists.
Also in this connection, we note that Alaimo was retained by contract as planning board engineer under the authority of N.J.S.A. 40:55D-24 in lieu of an engineer being appointed as a staff employee of the planning board. In either instance, the engineer's primary duty is owed to the planning board and not to persons or entities who are subject to the planning board's authority. We are not prepared to posit a cause of action such as plaintiffs assert against staff employees or contractors independent of the immunities preserved by the Tort Claims Act, N.J.S.A. 59:1-1 et seq.; see also Vanchieri v. New Jersey Sports & Exposition Auth., 104 N.J. 80, 85-89, 514 A.2d 1323 (1986); Girard v. Alverez, 144 N.J. Super. 259, 262-63, 365 A.2d 220 (App.Div. 1976), especially where the law requires the employer or contractee for *326 whose benefit the complained of acts were performed to make the plaintiffs whole if their allegations are proven.
To the extent that Alaimo's participation is necessary at least for the purposes of discovery in plaintiffs' suit against the Township, Alaimo's status as the Township's contractor provides the necessary connection, as would Alaimo's participation in the suit as a third party defendant, should the Township elect so to proceed.
The trial court's order dismissing plaintiffs' claim against Alaimo is affirmed. The trial court's order dismissing plaintiffs' claim against the Township for review of engineering charges, credits or refunds as appropriate, and such other relief in these connections as may be warranted is reversed and the matter is remanded for further proceedings.